**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARK D. HUGGINS,

    Defendant-Appellant.

No. 04-3001
(D.C. No. 03-CR-40010-RDR)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, Circuit Judge**, McWILLIAMS**, Senior Circuit Judge, and **FRIOT**, District Judge.[**]

By an indictment filed on January 29, 2003, in the United States District Court for the District of Kansas, Mark D. Huggins (defendant) was charged with being a felon in possession of four firearms on January 7, 2003, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). Pursuant to a plea agreement, the defendant pled guilty to that charge on September 22, 2003. The presentence report indicated that as of September 22, 2003, the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Stephen P. Friot, District Judge, United States District Court for the District of Kansas, sitting by designation.

date of the present conviction, the defendant had three previous convictions for a violent felony, namely, convictions for second degree murder, robbery and assault of a correctional officer.

At sentencing, the defendant's counsel objected to the presentence report's recommendation that the defendant be sentenced under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1). That statute provides as follows:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, <u>committed on occasions different from one another</u>, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). (Emphasis ours.)

Under that statute, a person convicted under 18 U.S.C. § 922(g) who has three previous felony convictions, each "committed on occasions different from one another," shall be imprisoned for not less than 15 years. Counsel claimed that the defendant's murder conviction and his robbery conviction were based on a "single episode" and therefore were not committed "on occasions different from one another," as required by the statute. In this regard, the murder conviction and the robbery conviction were both based on events occurring on January 30, 1990. On that date, the defendant, along with others, armed themselves with firearms and went in search of another street gang. Not finding the gang they were searching for, they decided to rob a pedestrian on the street

and in the process thereof, killed the victim. Thereafter, on the same day and within probably less than an hour after the murder, the defendant, along with another, walked about one-fourth mile from the murder scene to the apartment of an acquaintance of the defendant and proceeded to rob her of $118. These facts were the basis for defendant's murder and robbery convictions. Counsel argued to the district court that the murder conviction and the robbery conviction were <u>not</u> "committed on occasions different from one another" and therefore did not meet the requirement of 18 U.S.C. § 924(e)(1). The district court, based on Tenth Circuit precedent, rejected that argument. In so doing, the district court relied on *United States v. Lloyd,* 13 F.3d 1450 (10th Cir. 1994)("we have previously held that offenses which occurred on the same date and were prosecuted together may nonetheless be considered separate offenses for enhancement purposes.")[1] and *United States v. Tisdale,* 921 F.2d 1095 (10th Cir. 1990) ("defendant's conduct of breaking into the shopping mall and burglarizing three separate businesses and a post office located inside the shopping mall" were "committed on occasions different from one another" for the purpose of 924(e)(1)). Pursuant to 924(e)(1), the district court sentenced the defendant to imprisonment for 15 years. The defendant appeals his sentence.

On appeal, counsel concedes, as we understand it, that the defendant's argument

---

[1] In this regard, in the present case the defendant was charged in separate complaints filed in the District Court for Shawnee County, Kansas, with murder and robbery.

that the murder and the robbery convictions did <u>not</u> occur on separate occasions, and were, in reality, part of a single episode, is foreclosed by *Lloyd* and *Tisdale* and other cases. However, counsel claims that those cases were "ill-considered" and should be overruled. That we, as a panel, cannot do. *See United States v. Hernandez-Rodriguez,* 352 F.3d 1325, 1333 (10th Cir. 2003), *Berry v. Stevinson Chevrolet,* 74 F.3d 980, 985 (10th Cir. 1996), and *United States v. Walling,* 936 F.2d, 469, 472 (10th Cir. 1991).[2]

\* \* \* \* \*

Briefing was completed on April 28, 2004, and the case was then set for oral argument on September 29, 2004. On September 2, 2004, the defendant's motion to file a supplemental brief was granted and the parties were served with that order by mail. The government did not file a response to defendant's supplemental brief. On November 3, 2004, we ordered the government to file a response to defendant's supplemental brief, which it did on November 22, 2004. The parties having waived oral argument, the case was then submitted on the briefs.

The thrust of defendant's supplemental brief, as we read it, is that under the recent case of *Blakely v. Washington,* \_\_\_\_\_ U.S. \_\_\_\_\_, 124 S.Ct. 2531 (2004), the question of whether defendant's murder conviction and his robbery conviction were "committed on occasions different from one another," or, on the contrary, arose out of a "single episode,"

---

[2] Counsel filed a request that this appeal be initially heard en banc, but that request was denied by the court on April 15, 2004.

presents a "factual dispute" which, under the Sixth Amendment, must be decided by a jury, and not by a judge. We are not persuaded by this argument.

As we understand counsel's supplemental brief, the defendant does not contend, for example, that *Apprendi v. New Jersey,* 530 U.S. 466 (2000) holds that a jury, and not a judge, should have decided whether defendant's murder and robbery convictions were "committed on occasions different from one another." In this regard, counsel, in his brief, recognized that two other circuits have held that *Apprendi* does not require that a jury, and not a judge, should determine whether a defendant's previous convictions were committed on "different occasions." *See United States v. Morris,* 293 F.3d 1010 (7th Cir. 2002) and *United States v. Santiago,* 268 F.3d 151 (2nd Cir. 2001). Rather, it is counsel's contention that *Blakely* (not *Apprendi)* requires that the question of whether defendant's murder and robbery convictions were committed on different occasions, or, on the contrary, were committed in an "single episode" must be decided by a jury, and not a judge. We think that counsel overreads *Blakely.*

In *Blakely*, the Supreme Court expressed the rule of *Apprendi* as follows:

> "Other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In *Blakely*, the Supreme Court defined the phrase "statutory maximum" as used in *Apprendi* as follows:

> "Our precedents make clear however, that the statutory

maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

*Apprendi* involved the constitutionality of a New Jersey statute which permitted a judge to go beyond the prescribed statutory maximum sentence if the predicate offense conviction was motivated by "hate." *Blakely* involved the constitutionality of a Washington statute, which allowed a trial judge to impose an "exceptional sentence" of an additional 90 months imprisonment when the judge made a judicial determination that the defendant, in committing the predicate offense (kidnapping his wife, permitting a maximum sentence of 53 months), acted with "deliberate cruelty."

Neither *Apprendi* nor *Blakely* involved 18 U.S.C. § 924(e)(1). But counsel contends that the rationale of *Blakely* dictates a holding that in the instant case, a jury, and not the judge, must make the determination that the defendant's convictions for murder and robbery were "committed on occasions different from one another." This we decline to do. In our view, whether the murder and the robbery in the present case were committed "on occasions different from one another" poses not so much a question of fact, but rather a question of law. The facts are not really in dispute. We are not inclined to extend *Blakely* beyond its facts.

With *Blakely* not dictating a contrary result in the instant case, we are persuaded by the rationale and result reached by the Seventh and Second Circuits in *Morris* and *Santiago.* It is agreed that under both *Apprendi* and *Blakely,* the "fact of a prior

conviction" need not be determined by a jury, and may be determined by a judge.

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Whether the prior convictions

were "committed" on "one occasion" or on "different occasions," in our view, may also be

determined by a judge, without violating the Sixth Amendment. *See Morris* and

*Santiago.*[3]

In a very recent case, decided November 3, 2004, the Sixth Circuit in *United States*

*v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004), citing with approval *Morris* and *Santiago*,

spoke as follows:

> Therefore, we conclude that the determinations by a district
> court that prior felony convictions exist and were committed
> on different occasions, are so intimately related that the
> "different occasions" requirement of §924(e) sufficiently
> comes within the exception in *Apprendi* for a prior conviction.
> Thus, it is our determination that this issue need not be pled in
> an indictment, submitted to a jury, and proved beyond a
> reasonable doubt. The "different occasions" language
> involves the issue of recidivism, "a traditional, if not the most
> traditional, basis for a sentencing court's increasing an
> offender's sentence." *Apprendi*, 530 U.S. at 488, 120 S.Ct
> 2348. Like the fact of a prior conviction, it is not a fact that
> pertains to the commission of the offense for which the
> defendant is presently charged. Thus, the "different
> occasions" requirement of §924(e) cannot be significantly
> distinguished from "the fact of a prior conviction."

---

[3] We are aware that *U.S. v. Booker*, 375 F.3d 508 (7th Cir. 2004), and *U.S. v. Fanfan*, 2004 WL 1723114 (D. Me. June 28, 2004) are currently pending in the Supreme Court. Neither of those cases involves 18 U.S.C. § 924(e)(1).

Judgment affirmed.

Submitted for the Court,

Robert H. McWilliams
Senior Circuit Judge