**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLIFFORD ALAN SCOVILLE,

Defendant-Appellant.

No. 07-8094

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. NO. 07-CR-155-D)**

---

Daniel G. Blythe, Assistant Federal Public Defender, Office of the Federal Public Defender, Cheyenne, Wyoming (Raymond P. Moore, Federal Public Defender, Office of the Federal Public Defender, Denver, Colorado, with him on the briefs) for Defendant-Appellant.

Gregory A. Phillips, Assistant United States Attorney (Kelly H. Rankin, United States Attorney for the District of Wyoming, with him on the brief) Office of the United States Attorney, Cheyenne Wyoming, for Plaintiff-Appellee.

---

Before **KELLY**, **TYMKOVICH**, Circuit Judges, and **DeGIUSTI**, District Judge[*].

---

**TYMKOVICH**, Circuit Judge.

---

[*] The Hon. Timothy D. DeGiusti, United States District Judge for the Western District of Oklahoma, sitting by designation.

Clifford Alan Scoville was convicted as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court applied the violent felony enhancement of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because Scoville had three prior violent felony convictions. On appeal, Scoville contends the district court erred in applying this enhancement.

Because we conclude Scoville's three prior convictions constitute violent felonies under the ACCA, we AFFIRM.

## I. Background

After Scoville pleaded guilty to one count of being a felon in possession of a firearm in violation of §§ 922(g)(1) and 924(a)(2), the district court enhanced his sentence under the ACCA because of three prior violent felony convictions. *See* § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .").

The district court based the enhancement on the following three convictions: (1) a 1993 breaking and entering conviction under Ohio Revised Code § 2911.13; (2) a 1995 third-degree burglary conviction under Ohio Revised Code § 2911.12; and (3) a 2000 third-degree burglary conviction under Ohio Revised Code § 2911.12. As to each of the third-degree burglary convictions,

2

Scoville was indicted for first-degree burglary but pleaded guilty to the lesser charge.

The district court concluded that all three constituted violent felonies under the ACCA. Scoville was thus eligible for § 924(e)(1)'s mandatory minimum sentence of 180 months.

## II. Analysis

Scoville challenges the district court's conclusion that his prior convictions make him an armed career offender under the ACCA. We review de novo the legal question of whether prior convictions qualify as violent felonies under the ACCA. *See United States v. Rowland*, 357 F.3d 1193, 1195 (10th Cir. 2004).

In determining whether a prior conviction qualifies as a violent felony under the ACCA, "we apply a 'categorical approach,' generally looking 'only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction.'" *United States v. West*, 550 F.3d 952, 957 (10th Cir. 2008) (quoting *James v. United States*, 550 U.S. 192, 202 (2007) (quotation omitted)). "'That is, we consider whether the elements of the offense are of the type that would justify its inclusion' within the ACCA, 'without inquiring into the specific conduct of this particular offender.'" *Id.* (quoting *James*, 550 U.S. at 202).

If, however, "a criminal statute proscribes conduct broader than that which would satisfy the ACCA's definition of a violent felony or serious drug offense, a

3

federal court may then also look at the charging documents and documents of conviction to determine whether the defendant in a particular case was convicted of an offense that falls within the ACCA." *Id.* at 957–58 (citing *Shepard v. United States*, 544 U.S. 13, 15–18, 20–21 (2005); *Taylor v. United States*, 495 U.S. 575, 577–78, 598–602 (1990)). This is the so-called "modified categorical" approach. *See United States v. Zuniga-Soto*, 527 F.3d 1110, 1119–20 (10th Cir. 2008).

The ACCA defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of potential physical injury to another.

§ 924(e)(2)(B).

Because burglary is an enumerated example of a violent felony, we first assess whether the underlying convictions constitute generic burglaries. *See Taylor*, 495 U.S. at 579–80, 582, 599. *Taylor* defines "generic burglary" for § 924(e) purposes as "any crime . . . having the basic elements of [1] unlawful or unprivileged entry into, or remaining in, [2] a building or structure, [3] with intent to commit a crime." 495 U.S. at 599.

Given this definition, some statutes are too broad to constitute generic burglary. For instance, *Taylor* instructs that a statute that includes structures "such as automobiles and vending machines, other than buildings" is broader than

4

generic burglary, and does not qualify under the categorical approach. *Id.*; *see also Shepard*, 544 U.S. at 16, 22 (explaining that for generic burglary, "structure" means "a building or enclosed space"). But the modified categorical approach allows us to review the charging documents to determine whether the defendant was in fact convicted of generic burglary.

If the underlying convictions constitute generic burglary under the categorical or modified approach, then they qualify as violent felonies for § 924(e) purposes and the inquiry is over. If the convictions do not qualify as generic burglaries, however, we delve deeper to examine whether the convictions constitute violent felonies under § 924(e)'s residual clause—namely, whether they "otherwise involve[] conduct that presents a serious risk of potential physical injury to another."[1] § 924(e)(2)(B)(ii); *Taylor*, 495 U.S. at 600 n.9.

With this background, we examine each of Scoville's three convictions.

### A. First Conviction

Scoville's 1993 breaking and entering conviction, a violation of Ohio Revised Code § 2911.13(A), qualifies as a generic burglary and is thus a violent felony.

Ohio law provides:

> (A) no person by force, stealth, or deception, shall trespass in an *unoccupied structure*, with purpose to commit therein any theft offense . . . or any felony. (B) No person shall trespass on the land or premises

---

[1] This "otherwise" clause is often referred to as § 924(e)'s residual provision. *See, e.g.*, *James*, 550 U.S. at 197.

of another, with purpose to commit a felony. (C) Whoever violates this section is guilty of breaking and entering, a felony of the fourth degree.

Ohio Rev. Code Ann. § 2911.13 (emphasis added). The term "structure," as defined in Ohio Revised Code § 2911.13(A), covers a broad array of places, including any house, building, outbuilding, watercraft, aircraft, railroad car, trailer, or tent. *Cf.* Ohio Rev. Code Ann. § 2909.01 (effective in 1993) (defining "occupied structure"); *see State v. Carroll*, 405 N.E.2d 305, 306–07 (Ohio 1980) (defining "unoccupied structure" in Ohio Revised Code § 2911.13 ); *State v. Chambers*, No. 468564, 2006 WL 2692594 (Ohio App. Sept. 21, 2006) (same).

Given the breadth of the definition of the term "structure" in Ohio Revised Code § 2911.13(A), it does not constitute generic burglary as set forth in *Taylor*. 495 U.S. at 599. Under *Taylor*, a conviction under § 2911.13(A) would constitute generic burglary only if the "unoccupied structure" at issue were a building or similar structure. But Ohio law proscribes trespassing in structures beyond generic burglary, such as watercraft and tents. *See Taylor*, 495 U.S. at 599 (citing, as an example of a non-generic statute, Missouri's second-degree burglary statute which included breaking and entering any booth or tent, any boat or vessel, or railroad car); *see also Shepard*, 544 U.S. at 15–16 ("The Act makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle."). Therefore, because § 2911.13(A) proscribes conduct broader than generic burglary, it does not

6

categorically constitute generic burglary.[2] We thus turn to the modified categorical approach.

Under the modified categorical approach, "when determining whether a prior conviction resulting from a guilty plea is a violent felony for purposes of [§ 924], a court is limited to an examination of the language of the statute of conviction, 'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . . or to some comparable judicial record of this information.'" *United States v. Gonzales*, No. 06-8082, 2009 WL 651806, at *3 (10th Cir. Mar. 16, 2009) (quoting *United States v. Taylor*, 413 F.3d 1146, 1157 (10th Cir. 2005) (quoting *Shepard*, 544 U.S. at 20)).

Here, an examination of the documents underlying Scoville's first conviction reveals it constitutes a violent felony. The indictment concerning Scoville's 1993 breaking and entering conviction states:

> Scoville, did, by force, stealth or deception, trespass in an unoccupied structure, to wit: 4706 Corduroy Rd., *Custom Care Laundromat*, with purpose to commit therein, any theft offense, as defined in Section 2913.01 of the Revised Code, or any felony.

---

[2] We thus disagree with the Sixth Circuit's conclusion that Ohio Revised Code § 2911.13(A) is categorically generic burglary under *Taylor*. *See United States v. Mahon*, 444 F.3d 530, 535 (6th Cir. 2006) (citing *United States v. Bentley*, 29 F.3d 1073, 1077 (6th Cir. 1994) ("From the statute's face, it is obvious that one cannot break and enter in violation of § 2911.13(A) without unlawfully entering or remaining in a building or structure.")).

R., Vol. 1, Doc. 18 (emphasis added). Scoville pleaded guilty to this charge, which establishes all of the elements of generic burglary: (1) unlawful entry; (2) into a building—a laundromat; (3) with intent to commit a crime.

Scoville's 1993 conviction is therefore a violent felony for § 924 purposes.[3]

B.      *Second and Third Convictions*

Like Scoville's 1993 conviction, his 1995 and 2000 convictions for third-degree burglary, violations of Ohio Revised Code § 2911.12, constitute violent felonies for § 924(e) purposes.

Initially, the government concedes the district court should not have found the convictions were generic burglaries and therefore violent felonies based on the language of the first-degree burglary indictments. Where, as here, a defendant pleads guilty to a lesser included offense of that originally charged, a defendant cannot be said to have been convicted of the allegations in the original indictment. *See Taylor*, 495 U.S. at 601–02; *cf. United States v. Bennett*, 108 F.3d 1315, 1317–18 (10th Cir. 1997) (evaluating whether a prior conviction was a "crime of violence" under USSG § 4B1.2(a), the court could not rely on the indictment charging first-degree burglary when the defendant pleaded guilty to the lesser included offense of second-degree burglary).

---

[3] Some of our recent case law has limited the application of the modified categorical approach to a relatively narrow inquiry. In these cases, we look beyond an overbroad statute of conviction *only* to discern under which part of a statute a defendant was charged and convicted. *Zuniga-Soto*, 527 F.3d at 1117, 1121–22. Here, the statute of conviction as defined by Ohio law contains multiple parts and meets this approach.

8

Consequently, as a fall back the government argues the third-degree convictions constitute violent felonies because they meet the residual definition of violent felony contained in § 924(e)(2)(B)(ii) because they "otherwise involve[] conduct that presents a serious risk of potential physical injury to another."[4]  We agree.

The relevant portion of the 1995 version of Ohio Revised Code § 2911.12 under which Scoville was convicted provides:

> No person, by force, stealth, or deception, shall do any of the following: . . . Trespass in a permanent or temporary habitation of any person when any person is present or likely to be present, with purpose to commit in the habitation any misdemeanor that is not a theft offense.

Similarly, the relevant portion of the 2000 version § 2911.12 supporting Scoville's third conviction provides:

> No person, by force, stealth, or deception, shall . . . Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit . . . any criminal offense.

"Occupied structure"—a term which appears in the 2000 version of the statute—includes houses, buildings, vehicles or other structures that are occupied as a dwelling or habitation, that are adapted for the overnight accommodation of

---

[4]  The United States advanced this argument at sentencing, but the district court did not address it.

any person, or in which a person is present or likely to be present. Ohio Rev.

Code Ann. § 2909.01 (effective in 2000).[5]

Neither of these statutes qualifies as generic burglary—and thus a violent

felony—under the categorical approach because both are overbroad under *Taylor*.

Additionally, as the government concedes, even under the modified categorical

approach, the convictions fail to qualify as generic burglaries because Scoville

pleaded to lesser included offenses and no helpful information on which we can

rely was available at sentencing.

*Taylor* makes clear, however, that "the government remains free to argue

that any offense—including offenses similar to generic [offenses such as]

burglary—should count towards enhancement" under § 924(e)'s residual clause.

495 U.S. at 600 n.9; *see also United States v. Matthews*, 466 F.3d 1271, 1274–76

(11th Cir. 2006) (holding that defendant's prior Florida convictions for

---

[5] The definition in full includes:

> any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies: (1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present; (2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present; (3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present; (4) At the time, any person is present or likely to be present in it.

Ohio Code Ann. § 2909.01 (effective in 2000).

10

third-degree burglary were "violent felonies" under the ACCA's residual clause). The government did so here. We thus turn to § 924(e)'s residual clause to determine whether these convictions constitute violent felonies—that is, whether they involve "conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). We conclude that they do.

As we have previously recognized, for a crime to constitute a violent felony under § 924(e)'s residual clause, it must proscribe conduct "roughly similar, in kind as well as in degree of risk posed" to the enumerated examples preceding the clause. *United States v. Williams*, No. 08-3159, 2009 WL 692323, at *3 (10th Cir. Mar. 18, 2009) (citing *United States v. Dennis*, 551 F.3d 986, 989 (10th Cir. 2008) (quoting *Begay v. United Sates*, 128 S. Ct. 1581, 1585 (2008)). Additionally, to qualify as a violent felony under the residual clause, every conceivable offense need not present a serious potential risk of physical injury; instead, the conduct encompassed by the offense, *in the ordinary case*, must create a serious potential risk of physical injury to another. *James*, 550 U.S. at 207–08; *see also Williams*, 2009 WL 692323, at *3. Moreover, "the residual clause is intended to reach purposeful, violent, and aggressive conduct rather than merely negligent or reckless acts." *Williams*, 2009 WL 692323, at *4 (describing *Begay*, 128 S. Ct. 1586). Therefore, the question here is whether third-degree burglary under Ohio law, in the ordinary case, "is roughly (1) similar in kind, and

11

(2) similar in degree of risk to burglary, arson, extortion, or crimes involving explosives." *Williams*, 2009 WL 692323, at *4.

Here, burglary is the closest analogue of the enumerated offenses to Scoville's convictions. Consequently, the question is whether ordinary violations of the 1995 and 2000 versions of Ohio Revised Code § 2911.12 are similar in kind and in risk to burglary.

Ordinary violations of the 1995 and 2000 versions of Ohio Revised Code § 2911.12 are obviously similar in kind to burglary. *See Williams*, 2009 WL 692323, at *4. First, Ohio's third-degree burglary is a subset of an enumerated offense in § 924(e). Furthermore, like generic burglary, violations of the 1995 and 2000 versions of Ohio's third-degree burglary statute typically involve the unlawful entry into a home or place of habitation for the purpose of committing a crime. *See United States v. Lane*, 909 F.2d 895 (6th Cir. 1990) (construing similar language in Ohio's second degree burglary statute as a violent felony).

Ordinary violations of the 1995 and 2000 versions of the Ohio statute are also similar in risk to burglary. *See James*, 550 U.S. at 199 ("[T]he most relevant common attribute of the enumerated offenses of burglary, arson, extortion, and explosives use is . . . that all of these offenses, while not technically crimes against the person, nevertheless create significant risks of bodily injury or confrontation that might result in bodily injury."). As the Supreme Court explained, the risk posed by burglary is the "possibility of face-to-face

confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander—who comes to investigate." *James*, 550 U.S. at 203 (finding attempted burglary, under Florida law, a violent felony). Under both versions of Ohio's statute, the risk posed is similar to that of generic burglary.

The 1995 version of Ohio Revised Code § 2911.12 specifically includes the requirement that "any person is present or likely to be present." Given the requirement that a person be present or likely be present, the risk posed by an ordinary violation of this statute is similar to that posed by generic burglary, as explained in *James*, because the offense entails a possibility of confrontation.

Similarly, the 2000 version of Ohio Revised Code § 2911.12 requires trespassing in an "occupied structure" with purpose to commit a criminal offense. As defined, "occupied structure" includes structures that are used as dwellings or habitations, structures that are specially adapted for overnight accommodation, and those in which a person is present or likely to be present. *See* Ohio Rev. Code Ann. § 2909.01 (effective in 2000). Again, given the statute's requirement that the structure be "occupied," an ordinary violation of the 2000 version of the statute poses a risk of confrontation similar to that of generic burglary.

Consequently, ordinary violations of both the 1995 and 2000 versions of the statute qualify as violent felonies under § 924(e)'s residual clause. Third-degree burglary, as defined by both versions of the Ohio statute, ordinarily creates a serious potential risk of physical injury to another.

13

### III. Conclusion

Because all three of Scoville's prior convictions constitute violent felonies for § 924(e) purposes, we conclude that the district court properly enhanced Scoville's sentence under the ACCA. Consequently, we AFFIRM.