**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN HARVEY SPROUS,

Defendant - Appellant.

No. 09-6178

(W.D. Oklahoma)

(D.C. No. 5:09-CR-00091-C-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

John Harvey Sprous pleaded guilty in the United States District Court for

the Western District of Oklahoma to being a felon in possession of a firearm. On

August 26, 2009, he was sentenced to 180 months' imprisonment. Although he

filed a notice of appeal, his counsel, finding no meritorious issues for appeal, has

submitted an *Anders* brief and a motion for leave to withdraw. *See Anders v.*

*California*, 386 U.S. 738 (1967). Counsel provided Mr. Sprous with a copy of the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brief, but Mr. Sprous has filed no response with this court. We have jurisdiction under 28 U.S.C. § 1291. Agreeing that there are no meritorious issues for appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## I. BACKGROUND

On February 24, 2009, Oklahoma Highway Patrol officers stopped a rental vehicle in which Mr. Sprous was a passenger. The driver was given a warning for changing lanes without signaling. Statements by the driver and passengers aroused suspicion and a dog trained to detect drugs alerted while circling the car. After an initial search revealed a loaded firearm and a large amount of cash, Mr. Sprous and the other occupants of the vehicle were arrested. The officers later found ammunition and several additional loaded firearms in the vehicle's trunk.

On May 26, 2009, Mr. Sprous entered a plea of guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the plea hearing he acknowledged that he was waiving certain constitutional rights, and affirmed that his plea was voluntary. He further acknowledged that he would be subject to a maximum sentence of 10 years' imprisonment on the possession charge, but that if the court found him to be an armed career criminal, he faced a mandatory sentence of 15 years' imprisonment. At sentencing, the court determined that he was an armed career criminal and sentenced him to 180 months' imprisonment and five years' supervised release.

## II.    DISCUSSION

Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw."  386 U.S. at 744.  Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue.  *See id.*  The client may then choose to offer argument to the court.  *See id.*  If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal.  *See id.*

After reviewing the briefs and the record, we see no issue regarding the voluntariness of Mr. Sprous's plea.  And because his sentence was mandatory once the district court ruled that he is an armed career criminal, the only potential issue is whether that ruling was correct.  We therefore turn to that ruling.

Under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), a defendant who violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony" is subject to a 15-year minimum sentence.  18 U.S.C. § 924(e)(1).  According to the district court Mr. Sprous's predicate offenses were (1) a 1979 Missouri conviction for second-degree assault, (2) a 1981 Missouri conviction for first-degree robbery and first-degree assault (committed at the same time and apparently treated by the district court as one previous conviction), and (3) Missouri convictions in 1982 and 1983 for offering violence to a guard.

"Whether a prior offense is a violent felony under the ACCA is a legal question that we review de novo." *United States v. Martinez*, 602 F.3d 1166, 1168 (10th Cir. 2010).

A crime is a violent felony if it is punishable by imprisonment for more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). (We need not consider alternative grounds for an offense being a violent felony.) In determining whether a conviction was for a violent felony, we ordinarily apply a "categorical approach" under which we look "only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction." *United States v. Scoville*, 561 F.3d 1174, 1176 (10th Cir. 2009) (internal quotation marks omitted). All that is relevant is "'whether the elements of the offense are of the type that would justify its inclusion' within the ACCA"; we will not "'inquir[e] into the specific conduct of this particular offender.'" *Id.* (quoting *James v. United States*, 550 U.S. 192, 202 (2007). But if the criminal statute proscribes both conduct that falls within the definition of *violent felony* and conduct that falls outside it, we use a "modified categorical approach," under which we may also look at the charging documents and the documents of conviction to determine whether the defendant was convicted of a violent felony. *Id.* at 1176 (internal quotation marks omitted); *see Shepard v. United States*, 544 U.S. 13, 20–21 (2005).

There is no question that Missouri second-degree assault and first-degree robbery are violent felonies. Consequently, we focus on Mr. Sprous's convictions of offering violence to a guard. That offense is set forth in Mo. Rev. Stat. § 216.460 (1978) (repealed), which states in pertinent part:

> If several prisoners combine or any single prisoner offers any violence to any officer, guard, or employee of the state division of corrections, or to any inmate, or does or attempts to do any injury to any building or workshop, or other property, each of such persons is guilty of a felony . . . .

The elements of the offense "are (1) that the defendant was a prisoner; (2) that the victim was a guard; (3) that the prisoner assaulted the guard." *State v. Foster*, 513 S.W.2d 657, 660 (Mo. Ct. App. 1974). Section 216.460 "prohibit[s] actual as well as threatened violence." *State v. Townes*, 522 S.W.2d 22, 23 (Mo. Ct. App. 1974). An offense under § 216.460 thus can have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C § 924(e)(2)(B)(i); *cf. United States v. Dudley*, No. 99-2823, 2000 WL 1286259, at *1 (8th Cir. Sept. 15, 2000) (Missouri successor statute prohibiting "offer[ing] to commit violence to an officer or employee of a correctional institution" has "the use or threatened use of physical force [as] an inherent element" and is therefore a crime of violence under USSG § 4B1.2(a)(1) (1998) (internal quotation marks omitted)).

As the government concedes, however, other actions encompassed by § 216.460, such as damaging penitentiary property, fall outside the definition of

*violent felony.* We therefore must apply the modified categorical approach and look to the charging documents to determine whether Mr. Sprous's offenses were violent felonies.

We need go no further than the charging document underlying the 1982 conviction. The information for the offense charged Mr. Sprous with "unlawfully and feloniously offer[ing] violence to [a prison guard] by . . . *striking him in the face with his fists*." Supp. R., Vol. 1 at 35 (emphasis added). Accordingly, this conviction was for action against a guard, not prison property, and constituted a violent felony. Because Mr. Sprous had at least three prior convictions for violent felonies, we need not determine whether his 1983 conviction for offering violence to a guard was also a violent felony.

## III. CONCLUSION

We conclude, as did defense counsel, that there are no meritorious issues for appeal. We GRANT counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge