FILED
United States Court of Appeals
Tenth Circuit

March 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK D. HUGGINS,

Defendant - Appellant.

No. 11-3161
(D.C. Nos. 5:11-CV-04009-RDR &
5:03-CR-40010-RDR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Mark Huggins filed a motion for relief under 28 U.S.C. § 2255

in the United States District Court for the District of Kansas, claiming that his

prior conviction for attempted battery against a correctional officer did not

constitute a "violent felony" warranting a sentencing enhancement under the

Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). The court denied

the motion but granted his request for a certificate of appealability. *See* 28 U.S.C.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2253(c)(1)(B) (requiring COA to appeal denial of relief under § 2255). We affirm.

## I.     BACKGROUND

On September 22, 2003, Defendant pleaded guilty under a plea agreement to possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g). His sentence was enhanced under the ACCA upon a finding by the sentencing judge that he had been convicted of three prior violent felonies as defined in 18 U.S.C. § 924(e)(2)(B)—namely, second-degree murder, robbery, and attempted battery on a correctional officer. The district court imposed the mandatory minimum sentence of 15 years' incarceration. *See* 18 U.S.C. § 924(e)(1).

Defendant filed an appeal challenging his sentence but we affirmed, *see United States v. Huggins*, 116 Fed. App'x 979 (10th Cir. 2004), and the Supreme Court denied his petition for a writ of certiorari. On January 31, 2011, he filed his present motion under 28 U.S.C. § 2255, contending that the recent Supreme Court decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010), established that his prior attempted-battery conviction was not a conviction of a violent felony.

## II.     DISCUSSION

Under the ACCA a person convicted of violating 18 U.S.C. § 922(g) is subject to a minimum sentence of 15 years' imprisonment if he has three previous

convictions of a violent felony. *See* 18 U.S.C. § 924(e)(1). The ACCA defines

*violent felony* as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B). The issue on appeal is whether Defendant's 1995 conviction

of attempted battery against a correctional officer is a violent felony.

"We review de novo the legal question of whether prior convictions qualify

as violent felonies under the ACCA." *United States v. Scoville*, 561 F.3d 1174,

1176 (10th Cir. 2009). In doing so, "we apply a categorical approach, generally

looking only to the fact of conviction and the statutory definition of the prior

offense, and do not generally consider the particular facts disclosed by the record

of conviction." *Id.* (internal quotation marks omitted). "That is, we consider

whether the elements of the offense are of the type that would justify its inclusion

within the ACCA, without inquiring into the specific conduct of this particular

offender." *Id.* (internal quotation marks omitted). The courts apply a modified

categorical approach, however, if the "criminal statute proscribes conduct broader

than that which would satisfy the ACCA's definition of a violent felony." *Id.*

(internal quotation marks omitted). In that circumstance the courts "look at the

charging documents and documents of conviction to determine whether the defendant in a particular case was convicted of an offense that falls within the ACCA." *Id.* (internal quotation marks omitted).

Kan. Stat. Ann. § 21-3413 (1994) (repealed effective July 1, 2011) defined *battery against a law enforcement officer* to include a battery "committed against a correctional officer or employee by a person in custody of the secretary of corrections, while such officer or employee is engaged in the performance of such officer's or employee's duty." *Id.* § 21-3413(a)(2). An attempt under Kansas law was "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." *Id.* § 21-3301(a) (1993) (repealed effective July 1, 2011). Under the Kansas definition of *battery*, a battery could be committed in two ways—by "[i]ntentionally or recklessly causing bodily harm to another person," *id.* § 21-3412(a) (1993) (repealed effective July 1, 2011); or by "intentionally causing physical contact with another person when done in a rude, insulting or angry manner," *id.* § 21-3412(b) (1993) (repealed effective July 1, 2011).

Defendant's principal argument is that his prior attempted-battery offense does not satisfy the definition of *violent felony* in § 924(e)(1)(B)(I) because it did not have "as an element the use, attempted use, or threatened use of physical

force against the person of another."  The government concedes the point because of the Supreme Court decision in *Johnson*, 130 S. Ct. 1265.

Nevertheless, the government contends that the offense was still a violent felony because it satisfied the definition in the residual clause of § 924(e)(2)(B)(ii) as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another."  It relies on our decision in *United States v. Smith*, 652 F.3d 1244 (2011).  In *Smith* the defendant's prior Oklahoma felony conviction was for "assault, battery or assault and battery upon the person of an Office of Juvenile Affairs employee while . . . in the performance of his or her duties."  *Id.* at 1246.  *Assault* was defined as "'any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another,'" and *battery* was defined as "'any willful and unlawful use of force or violence upon the person of another.'"  *Id.* at 1246–47 (quoting Okla. Stat. tit. 21, §§ 641, 642 (2003)).  The requisite "force or violence" could be even "the slightest touching."  *Id.* at 1248 (internal quotation marks omitted).  We held that the offense came within the ACCA's residual clause.  *See id.* at 1247.  Following *Sykes v. United States*, 131 S. Ct. 2267 (2011), we said that because the Oklahoma offense was not a strict liability, negligence, or recklessness crime, the only issue under the residual clause was whether the offense created a risk similar to that created by the offenses enumerated in § 924(e)(2)(B)(ii).  We then held that the Oklahoma offense created such a risk because the risk created by an assault on a peace

officer was similar to that created by flight from police officers by the driver of a vehicle, the offense held to come within the residual clause by *Sykes* itself. *See Smith*, 652 F.3d at 1248–49. We explained that an assault on a police officer, unlike an assault on an ordinary citizen (who may be able to retreat or ignore the assault), "necessarily gives rise to [a] sort of powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which *always* has the serious potential to do so," because an officer "is required or would reasonably be expected to respond with force to control the situation." *Id.* at 1249 (internal quotation marks omitted).

The government argues that the Oklahoma offense in *Smith* is indistinguishable (for ACCA purposes) from the Kansas offense of attempted battery against a correctional officer when the battery that was attempted was a battery defined by Kan. Stat. Ann § 21-3412(b)—that is, "intentionally causing physical contact with another person when done in a rude, insulting or angry manner." We agree. Although the wording of the Kansas statute does not track the Oklahoma statute, the gist of the offense is the same, as are the expected consequences of such contact. Although Defendant asserts that an attempt cannot satisfy the residual clause, the Oklahoma offense considered in *Smith* included an "unlawful attempt . . . to do a corporal hurt to another," *Smith*, 652 F.3d at 1246, and one would expect a law-enforcement officer to respond to an attempt in a manner comparable to a response to a successful attack. Likewise, Defendant is

simply incorrect when he suggests, contrary to the holdings in *Sykes* and *Smith*, that only "physically risky crimes against property" come within the ACCA's residual clause. Reply Br. at 9.

The issue before us therefore comes down to whether the attempted battery of which Defendant was convicted was based on the definition of *battery* in Kan. Stat. Ann. § 21-3412(b). To resolve that issue we must apply the modified categorical approach. Our task is made more difficult by the absence of any document charging Defendant with the offense of attempted battery against a correctional officer. The record is, however, adequate for our purpose. The complaint against Defendant tracks the language of the definition of battery in § 21-3412(b): "Mark D. Huggins, then and there being present did unlawfully, willfully and intentionally cause physical contact to the person of another, . . . a uniformed and properly identified correctional officer; in a rude, insolent or angry manner and while such officer was engaged in the performance of his duty." R., Vol. 1 at 60. At Defendant's plea hearing the charge was amended to *attempted* battery against a correctional officer. As in our recent decision in *United States v. Antonio-Agusta*, No. 11-1008, 2012 WL 718872 (10th Cir. March 7, 2012), we can infer from the plea colloquy that the only amendment to the complaint was to make the offense an attempt. There is no evidence that the amendment altered the *mens rea* of the charge—namely, that the offense was committed "unlawfully, willfully and intentionally."

We therefore conclude that Defendant's attempted-battery conviction was a conviction of a violent felony. Defendant's vague references to the specific facts of his offense are irrelevant under the modified categorical approach. *See Scoville*, 561 F.3d at 1176.

## III. CONCLUSION

We AFFIRM the district court's order denying Mr. Huggins's § 2255 motion.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge