Ted E. WENSEL, Appellant,

v.

CITY OF OKLAHOMA CITY, Appellee.

No. M–83–337.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1985.

As Corrected Jan. 27 and Feb. 13, 1986.

Paula Henderson, Oklahoma City, Becky J. Viers and Travis Smith, Oklahoma City, for appellant.

Walter M. Powell, Mun. Counselor, Marilyn Modin & Wiley L. Williams, Asst. Mun. Counselors, Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge.

The appellant, Ted Wensel, was convicted of Driving Under the Influence of Intoxicating Liquor in violation of Oklahoma City Ordinance § 34–73 in the Municipal Court of Oklahoma City, Case No. 82–0497283. He was sentenced to a term of forty-five (45) days in the county jail, with fifteen (15) days suspended, and a $300 fine. The facts are as follows:

On October 23, 1982 around 5 p.m., Officer T. Riley observed a woman trying to stop traffic in the middle of Meridian Avenue. She appeared intoxicated. When he pulled in to investigate, he noticed a pickup truck in the parking lot of World Art Gallery. The appellant was slumped over the steering wheel, and a second woman was in the truck. All three were arrested for public drunkeness. Officer Riley then noticed Ms. Blair, an employee of the gallery, signaling to him from inside the store. She told him that she had seen the pick-up drive through the parking lot, have a blowout and then re-enter the lot. She also told him that she had seen the appellant driving. She agreed to sign a complaint. Appellant was informed that he was under arrest for Driving Under the Influence. He consented to take the state's breathalyzer test. The results of .32 on the first test and .30 on the second test were stipulated to by defense counsel. Both Officer Riley and Ms. Blair appeared on behalf of

the city at trial. The defense called as witnesses the women who were arrested. They both stated they all had been drinking at a bar a few blocks from where they had the blow-out. They also testified that the appellant was not driving. The third defense witness stated that appellant was not driving the pick-up when she had seen it leaving the bar.

## I.

In his first assignment of error, the appellant contends the trial court erred in allowing prejudicial comments by the prosecutor in opening statement and closing arguments. At the outset, we note that several of the remarks to which he refers were not objected to at trial. Without timely objection, these remarks may only be reviewed for fundamental error. *Tucker v. State,* 675 P.2d 459 (Okl.Cr.1984). We have examined the record and found none. We have also found that neither of the two remarks which were objected to rise to the level of being so grossly improper and unwarranted as to require reversal based on improper argument. *Battle v. State,* 478 P.2d 1005 (Okl.Cr.1970); *Naum v. State,* 630 P.2d 785 (Okl.Cr.1981). However, we do take this opportunity to remind counsel that although they are allowed broad freedom in making inferences and deductions in their discussion of the evidence, they are to exercise caution in doing so to avoid prejudicial error.

## II.

In his second assignment of error, appellant claims the court erred in refusing to grant his request for mistrial after prosecutorial remarks were made affecting defendant's constitutional right to remain silent. The record reveals the prosecution asked Officer Riley in direct examination if the appellant had denied driving. The officer replied, "No, he didn't." (Tr. at 84). In light of all the evidence we find this question and answer constituted harmless error in that they elicited a brief isolated reference to the content of appellant's comments at the time of arrest. *U.S. v. Brid-*

*well,* 583 F.2d 1135 (10th Cir.1978). There was no comment on his failure to testify nor even on his failure to deny driving. Appellant made a timely motion for mistrial, which was denied. His objection was sustained, and he was requested to state to the jury the nature of his grounds. We do note here that the better practice is for the judge to make such explanatory remarks to the jury.

## III.

In his third and final assignment of error, appellant asserts the court erred in its giving of corrective instructions in such a manner as to reinforce appellant's being labelled a "biker." The term was used only twice throughout the proceedings. The first time was during voir dire, at which time appellant failed to object. However, he did object later when the prosecution asked Ms. Blair, "Do you have anything against bikers?" The trial court correctly sustained that objection, but denied the motion for mistrial. We find the admonition given by the trial court at appellant's request was certainly adequate. We find this proposition to be without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.