Michael Gene STRATTON, Appellant,

v.

CITY OF TULSA, Appellee.

No. M–86–577.

Court of Criminal Appeals of Oklahoma.

April 19, 1988.

**932**

Jane Ann Cobb, Boyd, Nichols & Cates, Tulsa, for appellant.

Neal E. McNeill, City Atty., Mark Swiney, Asst. City Atty., Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Michael Gene Stratton, was tried and convicted in the Municipal Criminal Court for the City of Tulsa of the crimes of Assault and Battery upon a Police Officer and Quarreling and was sentenced to 75 days in jail and a $250.00 fine and a $50.00 fine, respectively, and he appeals.

Briefly stated the facts are that on January 4, 1986, two officers of the Tulsa Police Department, Officers Gross and Davison, responded to a domestic disturbance at an apartment complex in Tulsa. After the officers entered the apartment and talked with appellant for a short period of time, he began to use loud, abusive and profane language and repeatedly threatened the officers and told them he was going to throw them out of the apartment. When Officer Gross advised appellant that he was under arrest for Quarreling and attempted to take him into custody, appellant rammed Officer Gross down onto a sofa using his head. Appellant then pushed off from Officer Gross, and after a brief scuffle with Officer Davison, he and Officer Davison exchanged blows. Appellant was finally handcuffed and transported to the Police Station.

■ For his first assignment of error appellant asserts that the trial court failed to properly instruct the jury. Since appellant failed to object to the instructions given or present requested instructions to the court, and since he withdrew his proposed self-defense instructions, this assignment has been waived. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980). This assignment is meritless.

■ Appellant next contends that the trial court improperly excluded photographs of his injuries from evidence at trial. He argues that the photographs were offered to support his testimony at trial and to refute the officers' version of the altercation. This Court has repeatedly held that the admissibility of photographic evidence is within the sound discretion of the trial court which decision will not be disturbed on appeal absent a clear abuse of discretion. *Behrens v. State*, 699 P.2d 156 (Okl. Cr.1985). Finding no clear abuse of discretion, we decline to disturb the trial court's ruling. This contention is accordingly denied.

■ Appellant's third assignment of error is that the prosecutor invaded the province of the jury by commenting on the law in closing argument. However, none of the alleged erroneous remarks were met with a contemperaneous objection; thus, all error not of a fundamental nature has been waived. *Wensel v. City of Oklahoma City*, 711 P.2d 114 (Okl.Cr.1985). Finding no fundamental error, this contention is accordingly denied.

■ In his fourth assignment of error appellant alleges that the informations were fatally defective. This Court has consistently held that failure to file a demurrer or motion to quash regarding alleged errors in the information waives any defects in such information. *Roth v. State*, 714 P.2d 216 (Okl.Cr.1986). In light of appellant's failure to attack the sufficiency of the informations, this assignment of error was waived.

■ As his fifth assignment appellant contends that there was insufficient evidence to support a conviction for Quarreling. Title 27, § 407 of the Ordinances of the City of Tulsa provides that:

It shall be an offense for any person at any time to willfully or maliciously disturb the public peace or quietude or the life, health or safety of any individual by threatening to kill, do bodily harm or injury or destroy property; by quarreling; by challenging to fight or fighting; or by brandishing any firearms.

The facts in the instant case clearly reveal that appellant was very upset when the officers arrived at the apartment, that he repeatedly used loud, abusive and profane language, and that he repeatedly told the officers that he was going to throw them out of his apartment. Accordingly, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). This assignment is meritless.

■ Appellant claims the evidence is also insufficient to support his conviction for Assault and Battery Upon a Police Officer and that he should have been charged with Resisting Arrest. The facts of this case clearly show that appellant assaulted both police officers. This assignment is utterly without merit.

■ In a related assignment of error appellant maintains that there is a variance between the information charging him with Assault and Battery Upon a Police Officer and the evidence presented at trial. The information alleges assault and battery upon Officers Gross and Davison "by, punching said officer(s) with fist with force and violence ..." However, at trial, evidence was presented that appellant struck Officer Davison with his fist, but the only evidence of contact with Officer Gross was that appellant struck him with his head in the stomach.

We do not find this variance to be significant. The City proved that appellant did assault Officer Davison with his fist and that he struck Officer Gross with his head. Appellant was in no way deprived of notice of the charges against him; therefore, any error was harmless beyond a reasonable doubt. *Chambers v. State*, 649 P.2d 795 (Okl.Cr.1982). Moreover, as previously noted, appellant waived any errors in the information by not filing a motion to quash or demurrer. This assignment is accordingly denied.

■ Appellant finally urges that the trial court erred in refusing to suspend or defer the sentence announced by the jury. Whether or not to make such a grant is discretionary with the trial court. *Howell v. State*, 632 P.2d 1223, 1225 (Okl.Cr.1981). Finding no abuse of discretion, this assignment of error is without merit.

The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., not participating.