FILED
United States Court of Appeals
Tenth Circuit

**March 18, 2009**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEROY CLYDE WILLIAMS,

Defendant-Appellant.

No. 08-3159

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 06-CR-20107-01-CM)**

---

*Submitted on the briefs.*

David J. Phillips, Federal Public Defender, Melissa Harrison and Charles D. Demon, Assistant Federal Public Defenders, Office of the Federal Public Defender, Kansas City, Kansas, for Appellant.

Marietta Parker, Acting United States Attorney, and Leon Patton, Assistant United States Attorney, Office of the United States Attorney, District of Kansas, Kansas City, Kansas, for Appellee.

---

Before **LUCERO**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

Leroy Clyde Williams pleaded guilty to bank robbery. At sentencing, the district court determined that Williams was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (USSG) and imposed a 151-month sentence. Williams brings this appeal, contending the district court erred in finding his prior conviction for battery on a police officer qualified as a "crime of violence" for the purposes of § 4B1.2.

Having jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. Background

Williams was indicted on one count of bank robbery, a violation of 18 U.S.C. § 2113(a).

He subsequently pleaded guilty and entered into a plea agreement with the government which, among other things, waived his right to appeal. The agreement, however, expressly permitted Williams to challenge and appeal a career offender enhancement imposed under USSG § 4B1.1. In particular, the agreement provided that Williams could seek appellate review of the career offender classification if his "prior convictions have not already been determined to be 'crimes of violence' by the Supreme Court or the Tenth Circuit Court of Appeals within the meaning of U.S.S.G. § 4B1.1." R., Vol. I, Doc. 22, ¶ 12.

The probation office prepared a pre-sentence report (PSR) detailing Williams' past criminal history. The PSR indicated Williams had three prior

-2-

"crime of violence" convictions: (1) a 1995 conviction for third-degree felony arson, (2) a 1995 conviction for felony battery on a police officer, and (3) a 2004 conviction for felony assault and battery. Based on these prior convictions, the PSR determined Williams qualified as a career offender under § 4B1.1(a), was subject to a total offense level of 29, a criminal history category of VI, and an advisory guidelines range of 151 to 188 months' imprisonment.[1]

At sentencing, Williams objected to the classification of two of his prior convictions as crimes of violence. First, he argued the 2004 conviction for assault and battery should not be classified as a crime of violence because it was merely a misdemeanor aggravated to a felony due to the presence of minor children during the commission of the offense.[2] Second, he asserted his 1995 conviction for battery on a police officer would similarly be classified as a misdemeanor but for the status of the victim—a police officer. Williams, relying on other circuits' case law, argued the court should be guided by the elements of the basic underlying crime rather than the "aggravated" offense in its crime of violence determination.

---

[1] Without the career offender enhancement, Williams would have an adjusted offense level of 22, a criminal history category of IV, and an advisory guidelines range of 84 to 105 months' imprisonment.

[2] The Oklahoma domestic abuse statute enhanced the crime of assault and battery of a spouse or dating partner based on whether the violation occurred in a child's presence. *See* Okla. Stat. tit. 21, § 644(c), (e) (as in effect in 2003).

The district court, noting our decision in *United States v. Davis*, 437 F.3d 989, 998 (10th Cir. 2006), determined that Williams's contentions regarding his 1995 battery conviction were foreclosed.  Because Williams had already conceded the 1995 arson conviction qualified as a crime of violence, the district court held the career offender enhancement applicable without reaching any determination regarding Williams's 2004 domestic violence conviction.[3]  As a result, the court sentenced Williams to 151 months' imprisonment.

Williams now brings this direct appeal challenging the district court's application of the career offender enhancement.

## II.  Analysis

Williams contends his prior conviction for battery on a police officer, as defined by Okla. Stat. tit. 21, § 649(B) (1995), is not categorically a crime of violence and therefore the district court's sentencing enhancement was in error. We disagree.

Whether a prior conviction qualifies as a "crime of violence" for the purposes of § 4B1.1(a) is a question of statutory construction we review de novo. *United States v. Paxton*, 422 F.3d 1203, 1205 (10th Cir. 2005).  When interpreting the Guidelines, "we look at the language in the guideline itself, as well as at the 'interpretative and explanatory commentary to the guideline' provided by the

---

[3]  Under § 4B1.1(a), only two prior felony crime of violence convictions are necessary for the career offender enhancement.

Sentencing Commission." *United States v. Torres-Ruiz*, 387 F.3d 1179, 1181 (10th Cir. 2004) (quotation omitted). Commentary to the Guidelines "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* (quotation omitted).

For our purposes here, the Guidelines define a "crime of violence" as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).

The commentary refines the definition, noting:

Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) *or, by its nature, presented a serious potential risk of physical injury to another*.

*Id.*, cmt. n.1 (emphasis added).

Additionally, when determining whether a prior conviction qualifies as a crime of violence, we apply "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts

underlying those convictions." *United States v. Dennis*, 551 F.3d 986, 988 (10th

Cir. 2008) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Such an

approach does not normally permit a court to "evaluate the underlying facts of the

defendant's conduct." *Id.*

Here, the 1995 Oklahoma statute criminalizing battery on a police officer

provides that:

> Every person who, without justifiable or excusable cause knowingly
> commits battery or assault and battery upon the person of a police
> officer, . . . while said officer is in the performance of his duties, upon
> conviction, is punishable by imprisonment of not more than five (5)
> years in a state correction institution . . . .

§ 649(B) (as in effect in 1995). Oklahoma statutes further define battery as "any

willful and unlawful use of force or violence upon the person of another." § 642.

Williams contends his prior conviction for battery on a police officer in

Oklahoma does not qualify under § 4B1.2(a)'s definition of a "crime of violence"

because it is merely an aggravated form of misdemeanor battery under Oklahoma

law and even the slightest touching can constitute a violation.[4] In particular,

Williams cites our recent decision in *United States v. Hays*, 526 F.3d 674, 679–81

---

[4] Under Oklahoma law, "only the *slightest touching* is necessary to
constitute the 'force or violence' element of battery." *Steele v. State*, 778 P.2d
929, 931 (Okla. Crim. App. 1989) (emphasis added).

-6-

(10th Cir. 2008), for the proposition that a statute criminalizing even the slightest touching does not qualify as a "crime of violence."[5]

Williams's argument, however, fails for two reasons. First, we have previously held Oklahoma's assault and battery on a police officer statute is a crime of violence under § 4B1.2. *Davis*, 437 F.3d at 998 (stating "[i]t is apparent that . . . [assault and battery on a police officer] under Oklahoma law constitute[s] [a] 'crime[] of violence'" under § 4B1.2). Our decision in *Davis* clearly binds us "'absent en banc reconsideration or a superseding contrary decision by the Supreme Court.'" *United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008) (quoting *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam)). Williams can cite no such contrary authority. The district court thus did not err in finding it was bound by *Davis* to hold that Williams's prior conviction was a crime of violence under § 4B1.2.[6]

-----

[5]  *Hays* addressed a different, but similarly worded definition of a "crime of violence" in 18 U.S.C. § 921(a)(33)(A)(ii). Section 921(a)(33)(A)(ii) defines a "misdemeanor crime of domestic violence" as, in relevant part, an offense that "has, as an element, the use or attempted use of physical force." *Hays* determined that "physical force," at least for the purposes of that provision, entails more than mere contact or touching. 526 F.3d at 681.

[6]  Williams also contends that battery on a police officer should not be considered a *felony* crime of violence because it is merely generic misdemeanor battery enhanced to a felony by virtue of the status of the victim—a police officer. *Davis* similarly precludes this argument.

Even if we were not bound by our precedent, Williams's contention is without merit. Application Note 1 to § 4B1.2 provides that a prior felony

(continued...)

Acknowledging the application of *Davis*, Williams asks us to ignore it because the analysis lacks sufficient specificity. But even if we were not bound by our holding in *Davis*, Williams's contentions are still foreclosed by the "residual" clause of § 4B1.2(a)(2). Under this clause, an offense may still be deemed a crime of violence if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a)(2). Williams asserts that battery on a police officer involves no more risk than ordinary, misdemeanor battery of an unspecified class of victims. We disagree. Battery on a police officer, as defined by Oklahoma statutes, involves conduct presenting a serious potential risk of physical injury to another.

---

[6](...continued)
conviction includes an "offense punishable by . . . imprisonment for a term exceeding one year, *regardless of whether such offense is specifically designated as a felony*." (emphasis added); *see United States v. Barba*, 136 F.3d 1276, 1277 (10th Cir. 1998); *see also United States v. Almenas*, 553 F.3d 27, 32 (1st Cir. 2009). Because Williams's violation of Okla. Stat. tit. 21, § 649(B) was punishable by up to five years' imprisonment, it is clearly a felony for § 4B1.2 purposes.

Further, Williams was not convicted of misdemeanor battery. He was indicted and convicted of battery on a police officer in violation § 649(B), a separate and distinct statute from misdemeanor battery in Oklahoma. As discussed below, we analyze whether the conduct encompassed by the elements of Williams's prior offense—as defined by § 649(B)—constitutes a "crime of violence." *See James v. United States*, 550 U.S. 192, 208 (2007). The status of the victim, as an on-duty police officer, is an element of Williams's prior offense, *see Brooks v. State*, 561 P.2d 137, 140 (Okla. Crim. App. 1977), and therefore must be considered in the analysis.

We have previously recognized that for an offense to fall within the residual clause, it must proscribe conduct "roughly similar, in kind as well as in degree of risk posed" to the enumerated examples preceding the clause.[7] *Dennis*, 551 F.3d at 989 (quoting *Begay v. United States*, --- U.S. ---, 128 S. Ct. 1581, 1585 (2008)); *see also United States v. West*, 550 F.3d 952, 960 (10th Cir. 2008). Additionally, "the proper inquiry is whether the conduct encompassed by the elements of the offense, *in the ordinary case*, presents a serious potential risk of injury to another." *James v. United States*, 550 U.S. 192, 208 (2007) (emphasis added) (stating that "[o]ne can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury," but that does not preclude finding the offense qualifies as a crime of violence under the residual clause); *United States v. Fell*, 511 F.3d 1035, 1040 (10th Cir. 2007) (same).

Therefore, the question here is whether battery on a police officer under Oklahoma law in the ordinary case, is roughly (1) similar in kind, and (2) similar

---

[7] We have stated that "[b]ecause of the similarity in language between 18 U.S.C. § 924(e)(2)(B) and U.S.S.G. § 4B1.2(a), this court has occasionally looked to precedent under one of these provisions as guidance under the other provision in determining whether a conviction qualifies as a crime of violence." *United States v. West*, 550 F.3d 952, 960 n.5 (10th Cir. 2008). Additionally, we have applied the Supreme Court's residual clause reasoning from both *Begay v. United States*, --- U.S. ---, 128 S. Ct. 1581 (2008) and *James v. United States*, 550 U.S. 192 (2007) to the § 4B1.2 analysis. *Dennis*, 551 F.3d at 989–90; *United States v. Tiger*, 538 F.3d 1297, 1298 (10th Cir. 2008).

in degree of risk to burglary, arson, extortion, or crimes involving explosives. § 4B1.2(a)(2); *West*, 550 F.3d at 960.

Battery on a police officer, as defined by Oklahoma statutes, is similar in kind to the enumerated offenses. The Supreme Court has stated the residual clause is intended to reach purposeful, violent, and aggressive conduct rather than merely negligent or reckless acts. *Begay*, 128 S. Ct. at 1586. The battery statute here required Williams to knowingly, willfully, and unlawfully use "force or violence" against a police officer. *See* Okla. Stat. tit. 21, §§ 642, 649(B) (1995). Such *intentional* conduct is necessarily "purposeful, violent, and aggressive." *Begay*, 128 S. Ct. at 1586; *see also Chambers v. United States*, 129 S. Ct. 687, 692 (2009).

Further, the statute reaches conduct that, in the ordinary case, presents a similar risk as the enumerated crimes in § 4B1.2(a)(2). *See James*, 550 U.S. at 199 ("[T]he most relevant common attribute of the enumerated offenses of burglary, arson, extortion, and explosives use is . . . that all of these offenses, while not technically crimes against the person, nevertheless create significant risks of bodily injury or confrontation that might result in bodily injury."). The ordinary violation of the statute in this case involves far more violence than slight touching. *See*, *e.g.*, *Stratton v. City of Tulsa*, 753 P.2d 931, 933 (Okla. Crim. App. 1988) (punching officers); *Snyder v. State*, 738 P.2d 548, 549 (Okla. Crim.

App. 1987) (hitting officer with various objects); *Marshall v. State*, 646 P.2d 611, 612–13 (Okla. Crim. App. 1987) (punching officer).

An apt analogy can be drawn between battery of a police officer and escape from custody or eluding police. *See, e.g.*, *West*, 550 F.3d at 963;[8] *United States v. Ellis*, 525 F.3d 960, 965 (10th Cir. 2008) (stating escape from custody is a crime of violence under § 4B1.2). Williams contends that battery on a police officer risks no more violence than battery by "illegally touch[ing]" an ordinary, non-law enforcement individual. Aplt. Br. at 18.

But just like escape, battery of an armed on-duty police officer is "a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which *always* has the serious potential to do so." *West*, 550 F.3d at 963 (quotation omitted) (emphasis added). Such battery involves an overt act against the police officer—thereby not only *initiating* a confrontation, but risking a serious escalation in violence. *See id.* For example, in response to the battery, the officer may draw his weapon and

---

[8] In *West*, in reference to eluding police, we noted:

> Like burglary, and even more like escape, the offense of failing to stop at the command of a police officer will typically lead to a confrontation with the officer being disobeyed. It is likely to lead, in the ordinary case, to a chase or at least an effort by police to apprehend the perpetrator. All of these circumstances increase the likelihood of serious harm to the officers involved as well as any bystanders that by happenstance get in the way of a fleeing perpetrator or his pursuers.

550 F.3d at 970. A similar, if not more prodigious, risk is present here.

-11-

employ deadly force, potentially endangering not only the suspect and the officer, but innocent bystanders as well. *See Begay*, 128 S. Ct. at 1586 (noting that purposeful, violent, and aggressive crimes are "potentially more dangerous when firearms are involved" (quotation omitted)). Consequently, we cannot agree with Williams's contention that battery on an on-duty police officer is no more risky than battery of an ordinary individual.

In sum, battery on a police officer, as defined by Oklahoma statutes, ordinarily involves purposeful, aggressive, and violent conduct, and creates a serious potential risk of physical injury. Williams's 1995 conviction, therefore, categorically qualifies as a crime of violence under § 4B1.2(a)(2)'s residual clause.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment and sentence.