**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

FRED DOUGLAS SMITH,

      Defendant - Appellant.

No. 10-6209

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:09-CR-00368-C-1)**

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**O'BRIEN**, Circuit Judge.[*]

---

Submitted on the briefs:

Jack Dempsey Pointer, Attorney at Law, Oklahoma City, Oklahoma, for Defendant - Appellant.

Sanford C. Coats, United States Attorney, Jonathon E. Boatman, Assistant U.S. Attorney, Ashley L. Altsuler, Assistant U.S. Attorney, Office of the United States Attorney, Oklahoma City, Oklahoma for Plaintiff - Appellee.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

Fred Douglas Smith pled guilty to being a felon in possession of a firearm.  He

appeals from the district court's application of the Armed Career Criminal Act (ACCA),

18 U.S.C. § 924(e), to enhance his sentence.[1]  Specifically at issue is whether an assault

or battery committed by a person in custody on an employee of the Office of Juvenile

Affairs is, categorically, a violent felony.  We AFFIRM.

## I. BACKGROUND

On September 8, 2010, Smith pled guilty in the Western District of Oklahoma to

one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The

presentence investigation report (PSIR) recommended an enhanced sentence under the

ACCA because Smith had previously committed three violent felonies.[2]  Smith objected.

Relevant here, he contended his conviction of assault and battery[3] on an Office of

---

[1] Our jurisdiction derives from 28 U.S.C. § 1291 and 18 U.S.C. § 3557.
Sentencing issues are reviewed as prescribed by 18 U.S.C. § 3742.

[2] In the case of a person who violates section 922(g) of this title and has
three previous convictions by any court referred to in section 922(g)(1) of
this title for a violent felony or a serious drug offense, or both, committed
on occasions different from one another, such person shall be fined under
this title and imprisoned not less than fifteen years, and, notwithstanding
any other provision of law, the court shall not suspend the sentence of, or
grant a probationary sentence to, such person with respect to the conviction
under section 922(g).

18 U.S.C. § 924(e)(1).

[3] Smith argues "aggravated" assault or battery was an element of the crime and his
state trial counsel was ineffective in failing to challenge the Information, which did not
allege facts to support the aggravated version of assault and battery in Oklahoma.  He is
wrong for two reasons.  First, as the government noted, Smith is mistaken in his

Juvenile Affairs employee (for which he was charged as an adult at age sixteen) did not qualify as a crime of violence under the ACCA. The district court overruled his objection and sentenced him to 200 months in prison and 3 years of supervised release.

## II. DISCUSSION

"Whether a defendant's prior conviction qualifies as a violent felony under the ACCA is a question of law that we review de novo."[4] *United States v. Silva*, 608 F.3d 663, 665 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1473 (2011). The ACCA defines the phrase "violent felony" to mean

> any crime punishable by imprisonment for a term exceeding one year, . . . that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; . . .

18 U.S.C. § 924(e)(2)(B).

[D]etermining whether a prior conviction falls under the ACCA, we apply a

understanding of the offense. The "aggravated" language was removed from the Oklahoma statute; when Smith was charged in 2003, only simple assault or battery on an Office of Juvenile Affairs employee was required for a felony conviction. Second, insofar as Smith attacks the validity of his earlier conviction based on his counsel's performance, his argument is unavailing. A defendant may not collaterally attack a previous state conviction used to enhance his sentence under the ACCA outside habeas proceedings except in the limited circumstances where his right to appointment of counsel has been violated. *See Custis v. United States*, 511 U.S. 485, 496 (1994).

[4] The Government contends Smith did not properly raise this issue either in the district court or in this Court and the question should be subject to review for plain error at best. However, although he reaches the subject by a tortuous and misguided route, Smith has provided sufficient argument on the legal question for us to address it under our customary standard of review.

"categorical approach," generally looking only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction. That is, we consider whether the *elements of the offense* are of the type that would justify its inclusion within the ACCA, without inquiring into the specific conduct of this particular offender. To satisfy this categorical approach, it is not necessary that every conceivable factual offense covered by a statute fall within the ACCA. Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, qualifies under the ACCA as a violent felony or a serious drug offense.

If, in the ordinary case, a criminal statute proscribes conduct broader than that which would satisfy the ACCA's definition of a violent felony or serious drug offense, a federal court may then also look at the charging documents and documents of conviction to determine whether the defendant in a particular case was convicted of an offense that falls within the ACCA. We have referred to this as a "modified categorical" approach.

*United States v. West*, 550 F.3d 952, 957-58 (10th Cir. 2008) (quotation and citation omitted), *partially overruled on other grounds by Chambers v. United States*, 555 U.S. 122 (2009).

Smith was convicted under Okla. Stat. tit. 21, § 650.2(D)(2003), which reads:

Every person in the custody of the Office of Juvenile Affairs who, without justifiable or excusable cause, knowingly commits any assault, battery or assault and battery upon the person of an Office of Juvenile Affairs employee while said employee is in the performance of his or her duties shall, upon conviction thereof, be guilty of a felony.

Oklahoma law defines assault as "any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another," Okla. Stat. tit. 21, § 641 (2003), and battery as "any willful and unlawful use of force or violence upon the person of another." Okla. Stat. tit. 21, § 642 (2003).

According to the Supreme Court "physical force" for the purposes of enhancement under 18 U.S.C. § 924(e)(2)(B)(i) "means *violent* force – that is, force capable of causing

- 3 -

physical pain or injury to another person" as opposed to mere touching. *Johnson v. United States*, 130 S. Ct. 1265, 1270-71 (2010).  But under Oklahoma law, mere offensive touching satisfies the requirement for force in a battery.  *See Steele v. State*, 778 P.2d 929, 931 (Okla. Crim. App. 1989) ("[W]e hold that only the slightest touching is necessary to constitute the 'force or violence' element of battery.").  That prompts Smith to ask us to employ the modified categorical approach[5] to determine whether his state conviction qualified as a violent felony under federal law.  However, we need not do so.  As interpreted by the Oklahoma Court of Criminal Appeals, the statute clearly reaches behavior that does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another" as required for enhancement under 18 U.S.C. § 924(e)(2)(B)(i).  But that does not end the matter.  As we explain, Smith's crime qualifies on its face for enhancement under 18 U.S.C. § 924(e)(2)(B)(ii), the residual clause of the ACCA.

Smith was not convicted of simple assault or battery.  He was convicted of assault or battery by a person in the custody of Juvenile Affairs on an employee of that office.

---

[5] Smith claims the conviction resulted from incidental contact with the juvenile officer resulting from a fight with another inmate.  Even if detailed inquiry into the facts of conviction were permitted, he has provided no documents in the record supporting his contentions about the circumstances of the crime.  All we have is the insistence of his counsel at sentencing that "as an officer of the Court, I'm going to confirm with you that I did personally travel to Pottawatomie County and look at these records in the district attorney's office, not the Court's file, the DA's file, and that's where I got the information that I placed in my motion that it was simply a fist fight between two inmates."  We need not determine the effect of counsel's failure to provide documents or even whether such "facts" could be considered under the modified categorical approach.  Resort to the modified approach is unnecessary here.

As the government points out, under the residual clause a crime that does not meet the requirements for use of violent force under 18 U.S.C. § 924(e)(2)(B)(i) may be a "violent felony" if it "otherwise involves conduct that presents *a serious potential risk* of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). Smith's crime qualifies as a violent felony under the residual clause of the ACCA because the offense categorically involves conduct that presents a serious potential risk of physical injury to another.

The residual clause was intended to reach "conduct 'roughly similar, in kind as well as in degree of risk posed' to the enumerated examples preceding the [clause]." *United States v. Williams*, 559 F.3d 1143, 1147 (10th Cir. 2009) (citing *Begay v. United States*, 553 U.S. 137 (2008)). "Therefore, the question here is whether [assault and/or battery on a Juvenile Affairs employee by a person in custody] under Oklahoma law *in the ordinary case*, is roughly (1) similar in kind, and (2) similar in degree of risk to burglary, arson, extortion, or crimes involving explosives," the enumerated violent felonies. *Id.* at 1148 (emphasis added).

The Supreme Court has recently clarified the test to be used under this provision of the ACCA. *See Sykes v. United States*, 131 S. Ct. 2267 (2011). The defendant in *Sykes* argued the "Court's decisions in *Begay* [driving under the influence is not an ACCA predicate] and *Chambers* [escape by mere failure to report does not qualify as a predicate offense] require ACCA predicates to be purposeful, violent, and aggressive in ways that vehicle flight [from an officer] is not." *Id.* at 2275. The Court concluded

Sykes was reading too much into the prior opinions and distinguished *Begay*[6] because the DUI offense at issue there "need not be purposeful or deliberate" whereas the flight offense in *Sykes* had "a stringent *mens rea* requirement;" "[v]iolators must act knowingly or intentionally." *Id.* (quotation omitted). Where the felony at issue is "not a strict liability, negligence, or recklessness crime" the test is not whether the crime was "purposeful, violent, and aggressive" but whether it is "similar in risk to the listed crimes." *Id.* at 2276.

The statute under which Smith was convicted requires an offender to, without justifiable or excusable cause, knowingly, willfully and unlawfully attempt or offer with force or violence to do a corporal hurt to an Office of Juvenile Affairs employee or to

---

[6] The Supreme Court explained,

[i]n general, levels of risk divide crimes that qualify [for enhancement under the ACCA] from those that do not. . . . The sole decision of this Court concerning the reach of ACCA's residual clause in which risk was not the dispositive factor is *Begay*, which held that driving under the influence (DUI) is not an ACCA predicate. There, the Court stated that DUI is not purposeful, violent, and aggressive.

. . .

The phrase "purposeful, violent, and aggressive" has no precise textual link to the residual clause, which requires that an ACCA predicate otherwise involve conduct that presents a serious potential risk of physical injury to another. The *Begay* phrase is an addition to the statutory text. In many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk, for crimes that fall within the former formulation and those that present serious potential risks of physical injury to others tend to be one and the same. As between the two inquiries, risk levels provide a categorical and manageable standard that suffices to resolve the case before us.

*Sykes*, 131 S. Ct. at 2275-76.

willfully and unlawfully use force or violence upon an employee who is performing his or her duties. Even though "only the slightest touching is necessary to constitute the 'force or violence' element" of battery, *see Steele*, 778 P.2d at 931, the statute contains a stringent *mens rea* requirement for both assault and battery beyond strict liability, recklessness or negligence.[7] Therefore, the question at issue is whether the crime of assault or battery upon an employee of the Office of Juvenile Affairs is "similar in degrees of risk to burglary, arson, extortion, or crimes involving explosives." *Williams*, 559 F.3d at 1148.

The crimes enumerated in 18 U.S.C. § 924(e)(2)(B)(ii), "while not technically crimes against the person, nevertheless create significant risks of bodily injury or confrontation that might result in bodily injury." *Id.* (*quoting James v. United States*, 550 U.S. 192, 199 (2007)). An assault or battery committed on a peace officer is not equivalent to the same act committed against any other person. *Id.* at 1148-49. "An apt analogy can be drawn between battery of a police officer and escape from custody[8] or

---

[7] Though we have no competent evidence before us with which to analyze the underlying facts of Smith's offense, it is worth noting that he claims it involved striking two Office of Juvenile Affairs employees accidentally during the course of a fight between residents of a juvenile facility. This account is not supported by the Information (appended to the Government's brief and therefore also not properly before us in the record) to which he pled guilty. The Information accuses Smith of willfully and unlawfully striking each employee in the head with his fist with intent to injure them knowing they were employees of the Office of Juvenile Affairs acting in the course of their duties. However, even under the facts as Smith would have us consider them, the underlying altercation is purposeful, violent, and aggressive behavior, whether or not the employees were originally the intended recipient of the harm. His offense did not involve a "mere touching."

[8] We refer here to "escape" in the traditional sense, as opposed to failure to report,

- 7 -

eluding police." *Id.* at 1148. Failure to stop at the command of a police officer is sufficient to support enhancement under the ACCA because it "will typically lead to a confrontation with the officer being disobeyed" or "a chase or at least an effort by police to apprehend the perpetrator," which "increase[s] the likelihood of serious harm to the officers involved as well as any bystanders." *Id.* at 1149 n.8. Similarly, "[c]onfrontation with police is the expected result of vehicle flight." *Sykes*, 131 S. Ct. at 2274. The common characteristic of all these crimes is the volatile situation created by a defendant's behavior with respect to someone who is required or would reasonably be expected to respond with force to control the situation. This is very different from an assault or battery where a member of the public may be able to retreat or simply fail to respond without escalating the violence. An ordinary assault or battery under Oklahoma law may require resort to the modified categorical approach to assess the potential for violence or physical harm created by a given situation, but this offense requires no such deconstruction. An assault or battery committed by a person in the custody of the state on those responsible for containing him necessarily gives rise to the sort of "powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which *always* has the serious potential to do so." *Williams*, 559 F.3d at 1149 (*quoting United States v. West*, 550 F.3d 952, 963 (10th Cir. 2008)). The district court properly used the crime of assault and/or battery on an Oklahoma Department of

---

which involves a "form of inaction" and would not result in the sort of confrontational situation that arises when a person in the custody of the state acts out physically. *See Chambers*, 555 U.S. at ___, 129 S. Ct. at 692.

Juvenile Affairs employee by a person in the custody of the department to enhance Smith's sentence under the ACCA.

AFFIRMED.