FILED
United States Court of Appeals
Tenth Circuit

October 20, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC STANTON KUTZ,

Defendant - Appellant.

No. 11-6136

(W.D. Oklahoma)

(D.C. No. 5:10-CR-00217-F-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Eric Stanton Kutz pled guilty to one count of being a felon in possession of a firearm and one count of possession with intent to distribute methamphetamine. He was sentenced on the felon-in-possession count

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

as an armed career criminal, pursuant to the Armed Career Criminal Act, 18

U.S.C. § 924(e) ("ACCA"), and received the mandatory ACCA enhanced sentence

of 180 months on that count. Mr. Kutz appeals that sentence. We affirm.

## BACKGROUND

On March 29, 2010, Mr. Kutz engaged in a high speed car chase in

Oklahoma City, Oklahoma, following an attempted traffic stop by police. During

the chase, police officers pursuing Mr. Kutz observed a firearm and a bag

containing a white substance (which turned out to be methamphetamine) being

thrown from the passenger side window of the vehicle Mr. Kutz was driving.

When he crashed his car into a tree, Mr. Kutz, a convicted felon, was arrested and

charged with being a felon in possession of a firearm and possession with intent

to distribute the methamphetamine.

Prior to the scheduled trial, the government filed a notice of its intention to

seek an enhanced penalty for the felon-in-possession count pursuant to the

ACCA, because Mr. Kutz had previously committed three violent felonies.

Mr. Kutz  pled guilty to both counts.[1]  In preparation for sentencing, the United

States Probation Office prepared a presentence report ("PSR"). The PSR

indicated the government's intention to seek the enhanced penalty under the

---

[1]While the plea agreement contained a waiver of the right to appeal, the government told the district court at the sentencing hearing that it would suspend the waiver to allow Mr. Kutz to appeal the court's ruling on whether the ACCA penalty applied.

ACCA. The government identified three predicate convictions which it argued were crimes of violence and, accordingly, qualified Mr. Kutz for the enhanced ACCA penalty. These three convictions were: (1) assault and battery with a dangerous weapon; (2) pointing a firearm at another; and (3) assault and battery upon a law enforcement officer. Mr. Kutz objected.

Mr. Kutz concedes that the first two convictions qualify as crimes of violence for ACCA purposes. Both before the district court and on appeal, however, Mr. Kutz argues that the third conviction (assault and battery upon a law enforcement officer) does not fall within the statutory definition of a crime of violence under 18 U.S.C. § 924(e)(2)(B)(ii). Relying upon this court's decision in United States v. Williams, 559 F.3d 1143 (10th Cir. 2009), the district court held that battery on a police officer qualifies categorically as a predicate crime of violence for ACCA purposes. It accordingly sentenced Mr. Kutz as an armed career criminal. This appeal followed.

**DISCUSSION**

A "violent felony" under the ACCA is any crime punishable by a term of imprisonment exceeding one year that also

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

-3-

18 U.S.C. § 924(e)(2)(B). "Whether a defendant's prior conviction qualifies as a violent felony under the ACCA is a question of law that we review de novo." United States v. Silva, 608 F.3d 663, 665 (10th Cir. 2010).

The first of the two subsections in § 924(e)(2)(B) is called the "force" clause; the first part of the second subsection is called the "enumerated crimes" clause; and the second part of the second subsection is called the "residual" clause. The parties agree that the question in this case is whether Mr. Kutz's conviction for assault of a police officer falls within the residual clause as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

In "determining whether a prior conviction falls under the ACCA, we apply a 'categorical approach,' generally looking only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction." United States v. Smith, 652 F.3d 1244, 1246 (10th Cir. 2011) (further quotation omitted). If, on the other hand, "a criminal statute proscribes conduct broader than that which would satisfy the ACCA's definition of a violent felony," we apply the "modified categorical approach." Id. In that case, we may "also look at the charging documents and documents of conviction to determine whether the defendant in a particular case was convicted of an offense that falls within the ACCA." Id.

The prior conviction at issue in this case was a conviction for the assault and battery of a law enforcement officer, in violation of Okla. Stat. tit. 21, § 649(B). In particular, Mr. Kutz avers that the assault involved his reaching out from between jail cell bars and "grabbing a female corrections officer by the hip in the buttock region." Appellant's Br. at 5. Mr. Kutz concedes that in Williams, we held that a conviction pursuant to § 649(B) qualifies categorically as a "crime of violence" under the career offender provisions of the United States Sentencing Commission, Guidelines Manual ("USSG"). As we stated, "battery on a police officer, as defined by Oklahoma statutes, ordinarily involves purposeful, aggressive, and violent conduct, and creates a serious potential risk of physical injury. Williams' 1995 conviction, therefore, categorically qualifies as a crime of violence under [USSG] § 4B1.2(a)(2)'s residual clause." Williams, 559 F.3d at 1149. Mr. Kutz argues that we are not bound by Williams, however, because it is simply "wrong," Appellant's Br. at 14, and it could be revisited in *en banc* review. Mr. Kutz also argues that Williams is distinguishable because it involved the career offender provisions of the Guidelines, whereas this case involves the statutory career offender provisions.

None of these arguments is persuasive. It is well established that we "are bound by the holdings of previous panels unless and until they are overruled by a rehearing of this Court en banc or the Supreme Court." United States v. Campbell, 603 F.3d 1218, 1220 n.1 (10th Cir.), cert. denied, 131 S. Ct. 351

(2010). And, it is of no moment that <u>Williams</u> involved the Guidelines and this case involves the statutory provisions, inasmuch as we construe the career offender provisions in them identically. <u>See</u> <u>United States v. Charles</u>, 576 F.3d 1060, 1068 n.2 (10th Cir. 2009) (noting that "the Supreme Court's analysis under the ACCA 'applies equally to the sentencing guidelines'" (quoting <u>United States v. Tiger</u>, 538 F.3d 1297, 1298 (10th Cir. 2008)).[2]

We are therefore bound by <u>Williams</u> to conclude that Mr. Kutz's prior conviction for assault on a law enforcement officer qualifies as a violent felony for ACCA purposes.

## CONCLUSION

Accordingly, for the foregoing reasons, we AFFIRM the district court's sentencing determination.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]Our court has also recently held that a violation of Okla. Stat. tit. 21, § 650.2(B) (involving assault and battery by a person in the custody of Juvenile Affairs on an employee of that office), a statute nearly identical to Okla. Stat. tit. 21. § 649(B), constitutes a violent felony under the ACCA's residual clause. <u>United States v. Smith</u>, 652 F.3d 1244 (2011).