**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4169

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

KEITH ANTOINE JONES,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   William D. Quarles, Jr., District Judge.  (1:08-cr-00441-WDQ-1)

Submitted:  October 26, 2012        Decided:  November 7, 2012

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sicilia Chinn Englert, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Antoine Jones appeals the 188-month armed career criminal sentence imposed after he pled guilty to possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Jones asserts that the district court plainly erred in relying on the presentence report ("PSR") to conclude that his 2001 and 2004 drug distribution convictions involved cocaine and qualified as predicate convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006).[*] The Government argues that Jones waived his challenge to the armed career criminal designation and, in any event, did not demonstrate his sentence should be vacated under plain-error review. We affirm.

We agree with the Government that Jones has waived any challenge to the armed career criminal designation. "[W]aiver is the intentional relinquishment or abandonment of a known

---

[*] Jones does not challenge on appeal the district court's reliance on his resisting arrest conviction, acknowledging that it was categorically a violent felony under the ACCA. See United States v. Jenkins, 631 F.3d 680, 685 (4th Cir. 2011). Nor does Jones challenge his classification as a career offender, which, in the absence of the armed career criminal designation, resulted in a Guidelines range of 188 to 235 months, the same range that applied to his armed career criminal status.

right" and extinguishes potential error under Fed. R. Crim. P. 52(b). United States v. Olano, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). "When a claim of . . . error has been waived, it is not reviewable on appeal." United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir.), cert. denied, 131 S. Ct. 259 (2010).

Here, the plea agreement and the transcript of the plea hearing indicate that Jones and his counsel intended to challenge the armed career criminal designation at the sentencing hearing. Before the hearing, defense counsel conceded in the sentencing memorandum that Jones qualified as an armed career criminal based on Jones' prior convictions for resisting arrest and distribution of cocaine. United States v. West, 550 F.3d 952, 958-59 (10th Cir. 2008) (holding that affirmative concession in district court that prior conviction was predicate offense for ACCA purposes waived argument on appeal), overruled on other grounds as recognized by United States v. Smith, 652 F.3d 1244, 1246 (10th Cir. 2011); see United States v. Taylor, 659 F.3d 339, 348 (4th Cir. 2011) ("[T]he defendant is deemed bound by the acts of his lawyer-agent.") (internal quotation marks omitted), cert. denied, 132 S. Ct. 1817 (2012). Moreover, although counsel did object to the armed career criminal designation at sentencing, he specifically challenged only the resisting arrest conviction.

United States v. Horsfall, 552 F.3d 1275, 1283 (11th Cir. 2008) (concluding that defendant's withdrawal of objection to sentence enhancement precluded appellate review of enhancement). By failing to argue at sentencing that the 2001 and 2004 drug offenses did not qualify as ACCA predicate convictions while challenging his armed career criminal status on another ground, we conclude that Jones waived his right to challenge his prior drug convictions in this appeal and, therefore, we decline to review his claims for error — plain or otherwise. See Olano, 507 U.S. at 733; Claridy, 601 F.3d at 284 n.2.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED