**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4297**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DENNIS BRADLEY SUTTON,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:10-cr-00096-FL-1)

Submitted:  January 15, 2013          Decided:  January 24, 2013

Before MOTZ, SHEDD, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Bradley Sutton appeals the 200-month sentence and restitution order imposed following his guilty plea to possession of a firearm by a convicted felon and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(1), 924, 2 (2006), and possession of a stolen firearm and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(j), 924, 2. On appeal, Sutton contends that the district court erred in sentencing him as an armed career criminal and in imposing restitution. We affirm in part and vacate in part.

Sutton first contends that the district court erroneously relied on non-Shepard[1]-approved sources to determine that his prior breaking and entering convictions were distinct violent felonies. We conclude that Sutton expressly waived his right to contest the armed career criminal designation. See United States v. Olano, 507 U.S. 725, 733 (1993) ("[W]aiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)); United States v. West, 550 F.3d 952, 958-59 (10th Cir. 2008) (finding that defendant waived challenge to prior conviction as predicate offense for purposes of the Armed Career Criminal Act by affirmatively conceding issue in district court), partially overruled on other grounds

---

[1] Shepard v. United States, 544 U.S. 13 (2005).

2

as recognized by United States v. Smith, 652 F.3d 1244, 1246 (10th Cir. 2011); see also United States v. Taylor, 659 F.3d 339, 348 (4th Cir. 2011) ("[T]he defendant is deemed bound by the acts of his lawyer-agent." (internal quotation marks omitted)), cert. denied, 132 S. Ct. 1817 (2012). Therefore, we will not consider Sutton's challenge to the armed career criminal designation on appeal. See United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir. 2010) ("When a claim of . . . error has been waived, it is not reviewable on appeal.").

Sutton also contends that the district court erred in ordering restitution to two businesses.[2] Generally, "[w]e review a district court's restitution order for abuse of discretion." United States v. Leftwich, 628 F.3d 665, 667 (4th Cir. 2010). None of the specific claims Sutton has raised on appeal were, however, raised in the district court. Thus, "our review is limited to plain error." United States v. Ubakanma, 215 F.3d 421, 427 (4th Cir. 2000). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error

---

[2] Sutton does not challenge on appeal the restitution payable to three individuals. Thus, he has forfeited appellate review of that portion of the restitution order. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (concluding that issues not raised in opening brief are deemed abandoned).

was plain; and (3) the error affected his "substantial rights." Olano, 507 U.S. at 732.

Under the Victim Witness Protection Act (VWPA), the district court must consider the following factors prior to imposing restitution: "the amount of loss sustained by each victim as a result of the offense; and . . . the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B) (2006). After determining the amount owed to each victim, the court must consider the defendant's financial resources and assets, projected earnings and income, and other financial obligations in setting the payment schedule. 18 U.S.C. § 3664(f)(2); see United States v. Dawkins, 202 F.3d 711, 716 (4th Cir. 2000) (requiring district court to "find that the manner of restitution ordered is feasible").

The Government contends that the district court was not required to consider the § 3663(a)(1)(B) factors because the parties agreed to restitution in the plea agreement. While the VWPA does permit the district court to order restitution "to the extent agreed to by the parties in a plea agreement," 18 U.S.C. § 3663(a)(3), the parties here merely agreed that Sutton would pay restitution "in whatever amount the Court may order." We do not read this language as expressing the agreement of the

4

parties to free the district court from its statutory obligation to make factual findings under § 3663(a)(1)(B) before imposing restitution.

Here, the district court made no factual findings relevant to restitution. Nonetheless, "we have held that a sentencing court satisfies its duty to make specific findings if it adopts a presentence report that contains adequate factual findings to allow effective appellate review of the fine or restitution." United States v. Karam, 201 F.3d 320, 329 (4th Cir. 2000) (internal quotation marks omitted). Our review of the record reveals that the presentence investigation report adopted by the district court in this case provides some relevant factual findings as to Sutton's future earning capacity. It does not, however, contain sufficient factual findings to determine whether the businesses to which restitution was ordered were "victims." See 18 U.S.C. § 3663(a)(2) (defining "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered"). Thus, we conclude that the district court's failure to make sufficient factual findings relevant to these businesses, as required by the VWPA, was plain error that affected Sutton's substantial rights.

Accordingly, while we affirm Sutton's convictions and sentence of imprisonment, we vacate the restitution order and

remand to the district court for additional factual findings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED