**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROGER HAROLD PETERMAN,

    Defendant - Appellant.

No. 15-6042
(D.C. No. 5:14-CR-00232-M-1)
(W.D. Okla.)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **KELLY**, **GORSUCH**, and **MORITZ**, Circuit Judges.
———————————————————

Roger Peterman pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and the district court imposed an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), based on its determination that Peterman had three qualifying prior convictions. Peterman challenges the classification of two of those convictions as ACCA qualifying felonies. We reject Peterman's challenge to one conviction, deem his challenge to the second conviction waived, and affirm his sentence.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

First, Peterman contends the district court erroneously determined, over his objection, that his conviction for possession of marijuana with intent to distribute is a serious drug offense. But the judgment expressly reflects Peterman's state conviction for possession of marijuana with intent to distribute and that the district court sentenced him to a 10-year prison term.[1] That is all the ACCA requires. 18 U.S.C. § 924(e)(2)(A)(ii). And we reject Peterman's argument that, due to a clerical error, the state judgment reflects a conviction for possession with intent to distribute instead of his actual conviction of simple possession. As the district court held, this is an improper attack on the state judgment. *See United States v. Smith*, 652 F.3d 1244, 1246 n.3 (10th Cir. 2011) (noting that defendant in a federal sentencing proceeding generally may not collaterally attack validity of prior state conviction); *Head v. State*, 146 P.3d 1141, 1149 (Okla. Crim. App. 2006) (explaining under Oklahoma law a clerical error in judgment must be corrected through order nunc pro tunc issued by state sentencing court). Thus, we conclude the district court didn't err in classifying the marijuana conviction as a serious drug offense.

Next, Peterman contends the district court erroneously classified his conviction of assault and battery of a police officer as a violent felony in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because *Johnson* was decided while this appeal was pending, Peterman didn't raise this argument below. We extended the time for filing appellate briefs to allow both parties to address *Johnson*.

---

[1] Notably, the related charging document and plea documents reflect the same crime—possession of marijuana with intent to distribute.

In *Johnson*, the Supreme Court held that imposing an enhanced sentence under the ACCA's "residual clause" definition of "violent felony" violates due process. 135 S. Ct. at 2563. Both parties assume the district court relied on the ACCA's residual clause to classify Peterman's assault and battery conviction as a violent felony. But even if we assume the same, Peterman didn't argue in his opening brief that this alleged *Johnson* error warrants reversal under our plain-error standard. And, after the government filed a response brief pointing out this omission, Peterman didn't file a reply brief. Thus, Peterman waived appellate review of the alleged *Johnson* error.[2] *See United States v. Lamirand*, 669 F.3d 1091, 1100 n.7 (10th Cir. 2012) (stating "the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court" (quoting *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011))).[3]

For these reasons, we affirm Peterman's sentence.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[2] Because Peterman waived review, we dismiss as moot the government's second motion to supplement the record with documents related to this issue.

[3] This court recently stated that "when an error is obvious enough and satisfies Rule 52(b), an appellate court, in its discretion, may recognize the error notwithstanding briefing deficiencies." *United States v. Courtney*, No. 15-2015, 2016 WL 930579, at *2 (10th Cir. Mar. 11, 2016). But we decline to exercise that discretion here because, unlike the defendant in *Courtney*, Peterman didn't address plain error in a reply brief; rather, Peterman didn't address plain error at all.