**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4140**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID PATRICK MOHWISH,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:12-cr-00238-TDS-1)

---

Submitted: October 29, 2013       Decided: November 7, 2013

---

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Patrick Mohwish pled guilty, pursuant to a plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). Mohwish's advisory Guidelines range of 188 to 235 months' imprisonment was based, in part, on his status as an armed career criminal. The district court denied Mohwish's motion for a downward variance to the 180-month mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e), and sentenced him to 200 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Mohwish's sentence is substantively reasonable. Mohwish has filed a pro se supplemental brief, in which he raises several challenges to his sentence. We affirm.

We turn first to the issues raised in Mohwish's pro se supplemental brief. Mohwish argues that the district court improperly sentenced him as an armed career criminal. We conclude that, because Mohwish explicitly declined to contest the enhanced penalties at the sentencing hearing, he has waived appellate review of the district court's conclusion that he qualified as an armed career criminal. See United States v. Olano, 507 U.S. 725, 733 (1993) ("Waiver is the intentional relinquishment or abandonment of a known right." (internal

2

quotation marks omitted)); United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir. 2010) ("When a claim of . . . error has been waived, it is not reviewable on appeal."); United States v. West, 550 F.3d 952, 958-59 (10th Cir. 2008) (finding that defendant waived challenge to prior conviction as predicate offense for ACCA purposes by affirmatively conceding issue in district court), partially overruled on other grounds as recognized by United States v. Smith, 652 F.3d 1244, 1246 (10th Cir. 2011); see also United States v. Taylor, 659 F.3d 339, 348 (4th Cir. 2011) ("[T]he defendant is deemed bound by the acts of his lawyer-agent." (internal quotation marks omitted)). Accordingly, we decline to consider Mohwish's challenge to his armed career criminal designation.

Mohwish separately argues that the Government presented no evidence apart from the presentence report ("PSR") that he committed the prior crimes used to enhance his sentence under the ACCA and that the court failed to explain sufficiently its reasons for sentencing him as an armed career criminal. To the extent that Mohwish argues that the Government was required to present such evidence or that the court was obligated to explain why Mohwish qualified as an armed career criminal, we conclude that these arguments are foreclosed by Mohwish's failure to object to any aspect of his criminal history. See United States v. Revels, 455 F.3d 448, 451 n.2 (4th Cir. 2006)

(noting district court is free to adopt findings in PSR without specific inquiry or explanation where defendant fails to object); United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (holding that district court is free to adopt findings in PSR absent an affirmative showing of error).

Finally, Mohwish argues that the district court erred by considering certain facts at sentencing that should have been determined by a jury, in violation of Alleyne v. United States, 133 S. Ct. 2151, 2162-63 (2013) (holding that any fact that increases statutory mandatory minimum is element of offense and must be submitted to jury and found beyond reasonable doubt). We conclude that Alleyne provides no relief to Mohwish, as the factual findings made by the district court about which Mohwish complains did not increase his statutory mandatory minimum term of imprisonment.

We turn next to the issue raised in counsel's Anders brief: whether Mohwish's sentence is substantively reasonable. We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances," and, if the sentence is within the properly calculated Guidelines range, apply a presumption on appeal that

4

the sentence is substantively reasonable.  United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010).  Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2006)] factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

After reviewing the sentencing transcript, we conclude that Mohwish's within-Guidelines sentence is substantively reasonable.  The district court carefully considered the § 3553(a) factors and demonstrated particular concern that Mohwish threatened to use a gun when confronted by the homeowners from whom he had stolen the guns he possessed, that he committed the instant offense only six months after being released from an eleven-year term of imprisonment, and that he had a lengthy criminal history involving activity that threatened public safety.  Moreover, the court did not ignore counsel's mitigating arguments; it explicitly considered Mohwish's history of substance abuse and mental health issues, his age, his employment history, and the abuse he suffered as a child.  In sum, we conclude that Mohwish's carefully crafted sentence was not greater than necessary to accomplish the goals of § 3553(a)(2).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mohwish, in writing, of the right to petition the Supreme Court of the United States for further review. If Mohwish requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mohwish.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>