**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4053**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

OCTAVIAN DARNELL GODETTE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, District Judge. (4:13-cr-00014-BO-1)

Submitted: November 25, 2014        Decided: January 14, 2015

Before NIEMEYER, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, MCCOTTER ASHTON, P.A., New Bern, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Octavian Darnell Godette pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Godette raises several challenges to his conviction and 262-month, within-Guidelines sentence. Finding no error, we affirm.

I.

Godette first argues that the district court erred by denying his motion to withdraw his guilty plea and by failing to adequately inquire into the grounds alleged in the motion. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). A defendant seeking to withdraw his guilty plea bears "the burden of showing a fair and just reason for withdrawal" of the plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

We have developed a nonexclusive list of six factors for the district court to consider when determining whether the defendant has met his burden. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). While all of the Moore factors should be considered, "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the [Fed. R. Crim. P.] 11 colloquy." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). "[A] properly conducted Rule 11

2

guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn," id., and "raise[s] a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Having thoroughly reviewed the record, we conclude that the district court did not abuse its discretion by denying Godette's motion to withdraw his guilty plea. Moreover, because Godette did not present "a fair and just reason for withdrawal of the plea," Moore, 931 F.2d at 248 (internal quotation marks omitted), the district court did not err by failing to further explore Godette's conclusory allegations at the hearing.

## II.

Next, Godette contends that the district court erred by applying the attempted murder cross-reference under U.S. Sentencing Guidelines Manual ("USSG") § 2A2.1(a)(1) (2012) instead of the attempted robbery cross-reference under USSG § 2B3.1, as his intent was to rob, not murder the victim. When evaluating Guidelines calculations, including the application of a cross-reference, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014).

Section 2A2.1 provides for a base offense level of thirty-three "if the object of the offense would have

3

constituted first degree murder," as defined in 18 U.S.C. § 1111 (2012).  USSG § 2A2.1(a)(1) & cmt. n.1.  Section 1111, in turn, defines first degree murder as "the unlawful killing of a human being with malice aforethought" — that is, "[e]very murder perpetrated by . . . willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any . . . robbery."  18 U.S.C. § 1111(a).  Thus, according to the statutory definition, a court may find that the defendant committed first degree murder if the killing was premeditated or committed during the course of a felony, such as robbery.  We conclude that firing shots at the victim in his home at a level that could have killed him had Godette not missed constitutes attempted first degree murder under any definition.

                                III.

          Next, Godette challenges the reasonableness of his 262-month sentence.  He first contends that the district court did not provide a sufficient explanation for its chosen sentence.  We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  In determining procedural reasonableness, we consider, among other factors, whether the district court sufficiently explained the selected

                                 4

sentence and adequately considered the 18 U.S.C. § 3553(a) (2012) factors. Id.

In explaining its sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). However, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

It may be possible, however, for an appellate court to evaluate from "[t]he context surrounding a district court's explanation . . . both whether the court considered the § 3553(a) factors and whether it did so properly." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006). Where the record clearly reveals that the court considered the parties' arguments and relevant evidence and the case is "conceptually simple," the law does not require a judge "to write more extensively." Rita v. United States, 551 U.S. 338, 359 (2007).

Although Godette correctly notes that the district court did not explicitly state its reasons for the 262-month sentence, the record clearly reveals the court's reasons for imposing a sentence at the top of the advisory Guidelines range: the sentence would protect the public and might deter Godette from engaging in further criminal conduct.

Godette also argues that his sentence is substantively unreasonable because the district court should have granted his motion for a downward variance. We consider the substantive reasonableness of the sentence by "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citations omitted), cert. denied, 135 S. Ct. 421 (2014).

We conclude that Godette has not met his burden of demonstrating that his within-Guidelines sentence is substantively unreasonable. In light of the significant danger Godette poses to society and his demonstrated lack of respect for the law, a sentence at the top of the advisory Guidelines range was more than justified.

IV.

Finally, we conclude that Godette waived his challenge to the armed career criminal enhancement when counsel conceded in the district court that the argument was without merit. See United States v. Olano, 507 U.S. 725, 733 (1993) ("Waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)); United States v. West, 550 F.3d 952, 958 (10th Cir. 2008) (finding that defendant waived challenge to prior conviction as predicate offense for Armed Career Criminal Act purposes by affirmatively conceding issue in district court), partially overruled on other grounds as recognized by United States v. Smith, 652 F.3d 1244, 1246 (10th Cir. 2011). Accordingly, we decline to consider Godette's challenge to his armed career criminal designation. See United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir. 2010) ("When a claim of . . . error has been waived, it is not reviewable on appeal.").

V.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7