**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4505**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

MICHAEL JUAN SMITH, a/k/a Flame, a/k/a Junior,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:13-cr-00966-JFA-1)

───────────

Submitted: December 16, 2014     Decided: February 6, 2015

───────────

Before MOTZ, KING, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Juan Smith appeals from his 120-month sentence entered pursuant to his guilty plea to possession of a firearm and ammunition by a convicted felon. On appeal, Smith challenges the application of the attempted murder cross-reference pursuant to U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A), 2K2.1(c)(1)(A), 2X1.1 (2013). He also challenges the district court's imposition of an alternative 120-month variance sentence, in the event that he is successful on his first claim. We affirm.

Smith argues that the district court's application of the attempted murder cross-reference was improper, because (1) the facts did not show the malice necessary for attempted murder, and (2) the facts supported a finding of self-defense. We review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Medina-Campo, 714 F.3d 232, 234 (4th Cir. 2013), cert. denied, 134 S. Ct. 280 (2013). The Government must prove the facts underlying a cross-reference by a preponderance of the evidence. United States v. Davis, 679 F.3d 177, 182 (4th Cir. 2012).

Without objection by either party, the district court relied on the witness statements in the presentence report, as well as a surveillance video, in determining that the cross-reference was applicable. While the witnesses were not in

complete agreement as to all the facts of the incident, they generally agreed that Smith and his friends were involved in a verbal altercation with another group of men while outside in the Five Points area. Smith had armed himself in anticipation of a "beef" prior to seeing the other men. The altercation concluded with Smith shooting at the other men and instead hitting, and permanently paralyzing, an innocent bystander.

"Murder is the unlawful killing of a human being with malice aforethought," 18 U.S.C. § 1111 (2012). Malice aforethought is a necessary component of murder and "may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." United States v. Williams, 342 F.3d 350, 356 (4th Cir. 2003) (internal quotation marks omitted). In order to show attempted murder, the Government must prove that the person (1) had a culpable intent to commit the crime, and (2) he took a substantial step toward the completion of that crime. United States v. Engle, 676 F.3d 405, 419-20 (4th Cir. 2012).

Opening fire on a crowded street is clearly reckless and wanton. See, e.g., Thomas v. Harrelson, 942 F.2d 1530, 1532 (11th Cir. 1991). Moreover, Smith brought a gun with him in case he got into an altercation, and he admitted this to another

3

inmate after the incident. Smith also told this inmate that he shot at the other men as they walked away, and the witness statements, on the whole, support this conclusion. Accordingly, the evidence was sufficient to show by a preponderance of the evidence that Smith had the culpable intent to commit murder.

Although self-defense is irrelevant to the underlying firearm conviction here, Smith may assert self-defense in objecting to the application of a particular Guideline. Under federal law, a justification defense is available to a defendant where he:

> (1) was under unlawful and present threat of death or serious bodily injury;
>
> (2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;
>
> (3) had no reasonable legal alternative . . . ; and
>
> (4) [established] a direct causal relationship between the criminal action and the avoidance of the threatened harm.

United States v. Ricks, 573 F.3d 198, 202 (4th Cir. 2009); see United States v. Gore, 592 F.3d 489, 491 n.* (4th Cir. 2010) (noting that "[m]ore recent cases have grouped the defenses of duress, self-defense, and necessity under a single, unitary rubric: justification" (internal quotation marks omitted)). To establish self-defense under South Carolina law, four elements must be present:

4

(1) the defendant must be without fault in bringing on the difficulty;

(2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury;

(3) if his defense is based upon his belief of imminent danger, defendant must show that a reasonably prudent person . . . would have entertained the belief . . . ; and

(4) the defendant had no other probable means of avoiding the danger.

State v. Slater, 644 S.E.2d 50, 52 (S.C. 2007).

We find that application of the attempted murder cross-reference was proper because Smith could not colorably assert self-defense under either federal or South Carolina law. First, as to federal law, Smith's actions "recklessly place[d] himself in a situation where he would be forced to engage in criminal conduct." Ricks, 573 F.3d at 202. Smith armed himself prior to going out that evening because he thought there might be trouble. In addition, he positioned the weapon so that it was easily accessible.

Further, even assuming that, as Smith argues, Smith was told that one of the other men had a gun and that the men intended to hurt Smith or one of his friends, none of the witnesses actually saw a gun or provided any actions or statements supporting an actual present risk of physical harm to

5

Smith or anyone else. Moreover, immediately after the shooting, Smith told police that he was sorry, but did not aver that he acted in self-defense, and in Smith's later statement to authorities, he denied even firing the gun. Based on the evidence in the record, we conclude that Smith failed to show by a preponderance of the evidence that he was under a present threat of death or bodily harm.

Similarly, Smith could not credibly assert self-defense under South Carolina law. He armed himself in anticipation of a possible "beef," and at the first hint of a threat, Smith opened fire in a crowded area rather than attempting to leave or merely brandishing his gun. In addition, as discussed above, Smith has not shown he was in imminent danger. Therefore, the cross-reference was properly applied.

Because the cross-reference was correctly applied, Smith's appeal from the alternative variance sentence is moot. Accordingly, we affirm Smith's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED