**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4254**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELANO RAMON MCPHERSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:15-cr-00770-RMG-1)

Submitted:  November 29, 2018                    Decided:  December 6, 2018

Before WILKINSON, DUNCAN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delano Ramon McPherson pled guilty to possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The probation officer determined that McPherson possessed the firearm in connection with another felony offense, U.S. Sentencing Guidelines Manual, ("USSG") § 2K2.1(b)(6)(B) (2016), and applied the cross-reference under USSG § 2K2.1(c)(1)(A) to attempted murder, USSG § 2A2.1. After the three-level reduction for acceptance of responsibility, USSG § 3E1.1, McPherson's Guidelines range was 121 to 151 months. However, because the statutory maximum for the offense was 120 months, this became his Guidelines range. On appeal, McPherson contends that the district court erroneously shifted to him the burden of proof to show that the cross-reference did not apply and to prove that the justification defense of self defense applied. Finding no error, we affirm.

The Government presented as evidence the video recording from the police pole cameras from the evening of September 7, 2015. On this video, McPherson is seen engaging in a confrontation, walking away from that confrontation, and returning a short time later armed with a firearm. Upon arriving at the intersection near the place of the earlier confrontation, McPherson is seen communicating with a person on a bicycle, looking around, and then walking back in the direction from which he came. Seconds later, McPherson returns. His brother pulls up in a car, exits the car and leaves it in the intersection with the engine running. McPherson then walks up to the side of the car, raises his gun over the roof of the car, ducks down, stands up, raises the gun again and shoots the gun.

McPherson objected to the application of the murder cross-reference, asserting that there was no evidence of a specific intent to kill and that the evidence showed McPherson trying to run away. During the sentencing hearing, the district court asked McPherson to clarify his objection. Counsel responded that the burden was on the Government. The district court informed the parties that it had viewed the video of the incident, acknowledged that the Government had the burden of proof by a preponderance of the evidence, and stated that McPherson needed to go forward to clarify his objection.

McPherson presented argument that he was acting in self-defense and only fired his gun after shots were fired at him. The district court responded, "You're asking me to ignore what I see. He is out there with a gun on a street corner. . . . one of the elements of self-defense which you're now asserting is, number one, you can't - - you can't be - - you know, you must not have helped create this situation, you can't be responsible for this and be acting wrongfully. . . . I don't know how you go out there with a loaded gun and then claim you're acting in self-defense." Also, based on the video evidence, the court found that McPherson's brother's arrival "coordinated in part of a plan of some type. . . . It just so happened he ended up on a street corner with his brother with a loaded gun, kept the car there, and the brother used it as a shield in a firefight." Based on the video evidence, the district court found that the cross-reference to attempted murder applied.

The Government must prove the applicability of a sentencing enhancement by a preponderance of the evidence. *United States v. Adepoju*, 756 F.3d 250, 257 (4th Cir. 2014). A district court commits clear error when it shifts the burden of proof to a defendant. *Id.* Findings of fact made by the district court at sentencing are reviewed for

3

clear error. *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). "Clear error occurs when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

We have reviewed the record on appeal and conclude that the district court did not shift to McPherson the burden of refuting the application of the enhancement. The district court stated that it viewed the video and reviewed the sentencing memoranda. The court then asked McPherson to present and support his objection to the presentence report. This is in accord with Fed. R. Crim. P. 32, which requires the court to resolve any objections to the presentence report. Additionally, a defendant has "'an affirmative duty' to show 'that the information in the presentence report is unreliable, and articulate the reasons why the facts therein are untrue or inaccurate.'" *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (quoting *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990)).

While the Government has the burden of proving the facts necessary to support a sentencing enhancement, *see United States v. McManus*, 734 F.3d 315, 319 (4th Cir. 2013), once it does, the defendant must make an affirmative showing to the contrary, *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) ("A mere objection to the finding in the presentence report is not sufficient. Without an affirmative showing the information is inaccurate, the court is free to adopt the findings.") (internal quotation marks and citation omitted). We conclude that the district court did not shift the burden of proof to McPherson. *See United States v. Godfrey*, 863 F.3d 1088, 1095 (8th Cir.

4

2017) (holding that court did not shift burden to defendant to prove self-defense but rather found that video evidence disproved claim of self-defense).

We also conclude that the enhancement was appropriate. The cross-reference to the murder Guideline applies if the Government shows that the defendant's conduct would constitute first degree murder under 18 U.S.C. § 1111 (2012). Murder is the "unlawful killing of a human being with malice aforethought." *Id.* Malice "may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *United States v. Fleming*, 739 F.2d 945, 947-48 (4th Cir. 1984) (internal citation and quotation marks omitted). Here, McPherson fired a gun in a residential area, aiming at the muzzle flash from another person's gun. We have held that similar conduct constitutes attempted murder. *See United States v. Smith*, 600 F. App'x 884, 886 (4th Cir. 2015) ("Opening fire on a crowded street is clearly reckless and wanton."); *United States v. Godette*, 596 F. App'x 212, 214 (4th Cir. 2015) (holding that firing shots at a person in his home constitutes attempted first degree murder); *see also United States v. Wilson*, 992 F.2d 156, 158 (8th Cir. 1993) (upholding application of cross-reference to attempted murder when defendant fired a shotgun from a vehicle toward a group of people). We conclude that the district court did not clearly err in finding that the cross-reference to the attempted murder Guideline applied.

Further, we conclude that the district court did not err in rejecting McPherson's claim of self-defense under either federal or state law. *See United States v. Ricks*, 573 F.3d 198, 202 (4th Cir. 2009); *Smart v. Leeke*, 873 F.2d 1558, 1560-61 (4th Cir. 1989).

Here, after viewing the video evidence and hearing McPherson's testimony, the court found that McPherson did not act in self-defense. The court found that McPherson's conduct, as shown in the video, negated any claim that he was not at fault and that he had no other means to avoid the danger. We find no clear err in the district court's rejection of McPherson's claim of self-defense.[*]

Because the district court appropriately held the Government to its burden of proof as to the applicability of the enhancement and to negating McPherson's claim of self-defense, we conclude that there was no procedural error by the district court in applying the murder cross-reference. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We also reject McPherson's claim that South Carolina's "Castle Doctrine" applies. Under this doctrine, "[a] person who is not engaged in unlawful activity and who is attacked in another place where he has a right to be, . . . has no duty to retreat and has the right to stand his ground and meet force with force, . . . if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person." S.C. Code Ann. § 16-11-440(C). However, because McPherson was engaging in unlawful activity by being in possession of a firearm, he cannot claim this immunity. *See State v. Curry*, 752 S.E. 2d 263, 265-66 (S.C. 2013).

6